THE BANK OF THE METROPOLIS *vs.* DENNIS G. ORME.—
*December* 1845.

The objection, that a corporation sues by a wrong name, is matter of abatement, and cannot be taken upon the trial of the general issue.

APPEAL from *Anne Arundel* county court.

This was an action of *assumpsit*, brought on the 29th June 1840, by the appellant against the appellee, who pleaded *non assumpsit*.

At the trial of this issue, after proof offered on both sides, the defendant prayed the court to instruct the jury, that the plaintiff was not entitled to recover in the present action, because the suit was not instituted in the true corporate name and style of the plaintiffs, and the court, (DORSEY, C. J., and WILKINSON, A. J.,) being of that opinion, so instructed the jury. The defendant excepted, and prosecuted this appeal.

The cause was argued before ARCHER, C. J., CHAMBERS, SPENCE, MAGRUDER and MARTIN, J.

By J. JOHNSON and W. SCHLEY for the appellant, who maintained :—

That the corporate name used was right, under the acts of Congress, of 1817, chap. 93, sec. 23, 24; and 1821, chap. 18; 1836, chap. 260; 1838, chap. 191. They also maintained the name to be sufficient, and that the objection relied on, could only be taken in abatement, and before plea, pleaded. They cited *Angel & Ames on Corp.*, 55, 377. 1 *Barn. & Ald.*, 699. 7 *Mass.*, 441. 2 *Harr. & Gill*, 478, 493. *Kidd on Corp.*, 283. 1 *Chitt. Pl.*, 440. 2 *Cowen*, 778. 10 *Mass.*, 360. 4 *Peter's S. C.*, 480, 501. 6 *Peter's S. C.*, 230, 231. 6 *Eng. Com. Law*, 9. 6 *Maul. & Sel.*, 45. 2 *W. Black*, 1120. 10 *Coke*, 125. 6 *Peter's S. C.*, 642, *(note.)* 1 *Boss. & Pull.*, 40. 1 *H. & J.*, 548. 3 *Camp.*, 29.

By RANDALL for the appellee, who maintained :—

That the acts of Congress cited, all showed that a wrong name had been adopted. That a corporation, plaintiff under

the general issue, was bound to show its charter, and that any variance between it and the writ, constituted a difference in the plaintiff, and fatal. 5 *H. & J.*, 122.

SPENCE, J., delivered the opinion of this court.

We deem it unnecessary in this case, to decide, whether the corporate name of the bank be, *The Bank of the Metropolis,* or, *The President and Directors of the Bank of the Metropolis;* for the reason, that the decision of this question can have no influence on the conclusion to which we come.

The second point raised by the counsel for the appellant, is, that the objection, (if a good one,) raised by the defendant's prayer, could only have been made successfully by a plea in abatement.

The name of the plaintiff, both in the writ and declaration, is, " *The Bank of the Metropolis.*" If the corporate name of the bank be, *The Bank of the Metropolis,* the judgment of the court was manifestly erroneous.

But, suppose the corporate name of the bank is, *The President and Directors of the Bank of the Metropolis,* the objection is not, that there is no such corporation, but, that the name used in the declaration and writ differ, partially, from the true name of the corporation; and the point upon which the decision must turn, is, whether this variance can be taken advantage of by pleas in bar, or only by plea in abatement.

It was once a question, whether a mistake of the name of a corporation, could be successfully pleaded in abatement. *Mr. Chitty* says, it was once doubted, but that it is now settled, that the mistake must be pleaded in abatement. 1 *Chit. Pl.* 391.

"A mere misnomer of a plaintiff, whether a body politic or natural, is pleadable only in abatement; for a new writ may be taken out by the right name; but, if the existence of the person or corporation be denied, the plea is in bar : for if there be no such person or corporation, there is an end of the action." 1 *Bac. Abridg.*, 33, (*Edit.* 1842.)

We are, therefore, of opinion, that the court erred.

JUDGMENT REVERSED AND PROCEDENDO AWARDED.