PRESIDENT, TREASURER and DIRECTORS of the HANOVER SAVING FUND SOCIETY of Pennsylvania, *against* GEORGE SUTER

If a corporation sues by a wrong name, advantage must be taken of it, by a plea in abatement.

UPON appeal from Baltimore county court.

The appellant was the endorsee of a promissory note, executed by the appellee, and regularly endorsed, and this suit was instituted thereon. The defendant in the court below pleaded non-assumpsit, and issue was joined on that plea. At the trial of the case, the plaintiff, to maintain its action, offered in evidence its charter, whereby it appears that the plaintiff had not sued by its corporate name; or as it was expressed in one of the prayers of the defendant, there is a material variance between the names of the plaintiffs as stated in their writ, and the name of the corporation contained in the charter given in evidence by the plaintiffs. Because of this, the court, at the instance of the defendant, instructed the jury that the plaintiff cannot recover. Exception being taken, and verdict being for the defendant, the case is brought by appeal to this court.

This case was argued before LE GRAND, C. J., ECCLE-STON and TUCK, J.

By *Barnitz* for appellant, and *Steuart* for the appellee.

*Barnitz* for the appellant, insisted, that upon the issue joined in this case, such an objection could not be sustained: the *misnomer* must be pleaded in abatement.  16 *Mass.*, 141. 1 *Denio*, (*NS.*,) 441.   11 *Alabama Reports, new series*, 549. 5 *Arkansas*, 235.   4 *H. & J.*, 338.   3 *Gill, Bank of Metropolis vs. Orme.*   1 *T. B. Munroe*, 171.

*Steuart* for appellee.

The charter offered in evidence, was granted by the legislature of Pennsylvania, and gives to the corporate body a different name, by which alone it has a right to sue.

2 *H. & G.*, 493.   The plaintiff to maintain his case must show that he had a right to sue.   The plaintiff is another and distinct corporation.   He referred to 10 *G. & J.*, 299.   8 *G. & J.*, 248.

*Barnitz* in reply.

Unless the defendants plea renders the proof unnecessary, the plaintiff must prove that it has a corporate *existence*, the plea of non-assumpsit, pleaded in 2 *H. & G.*, *Agnew vs. Bank of G.*, does not dispense with such proof.   The corporate *existence* of plaintiff being established by its charter, its right to use the *name* by which it sues, can only be questioned, and proof of such right can only be demanded by a plea in abatement.   It was so decided in *Bank of Metropolis vs. Orme.*   If pleaded in abatement, it must show how it acquired a right to sue by a name other than that to be found in its original charter.

LE GRAND, C. J., delivered the opinion of the court.

We do not concur with the county court in the instruction which it gave.   The only plea was that of non-assumpsit, and under such a plea, advantage could not be taken of the

*misnomer*, for such we consider the character of the point presented by the second prayer of the defendant, which the county court gave.    The case is identically the same in principle, as that of *Bank of Metropolis vs. Orme*, 3 *Gill*, 443.

*Judgment reversed and procedendo awarded.*