The President and Directors of the Union Bank of Maryland *vs.* E. E. Tillard and William Ireland.

Pleading; Demurrer; Assignment: Misnomer.—A plaintiff, as assignee. sued E. E. Tillard and William Ireland, trading under the name of Tillard & Ireland. The declaration contained the usual counts in *assumpsit*, in the forms of the new system of pleading of the Code, each count alleging the assignment, but not that the same was in writing. The defendants appeared by the names of Edward E. Tillard and William Ireland, and filed a general demurrer to the declaration.—Held:

1st. That although the omission to aver that the assignment was in writing would, according to the general principles of pleading at the common law, have been fatal on demurrer, under the rule as changed by Art. 75, sec. 22 of the Code, the declaration must be held sufficient.

2nd. That the alleged misnomer of one of the defendants, viz: the insertion of the name E. E. Tillard for Edward E. Tillard in the writ and declaration, under Art. 75, sec. 25 of the Code, was not a good ground of demurrer.

Appeal from the Circuit Court for Anne Arundel county.

This was an action by the appellants against the appellees to recover the amount of an account for goods bargained and sold to the appellees by Lanier Brothers & Co., which account had been assigned by them to the appellants. The facts of the case are stated in the opinion of this Court.

The cause was argued before Bowie, C. J., and Bartol, Goldsborough, Cochran and Weisel, J.

*Frank H. Stockett* for the appellants.

It will in this Court be contended, that the counts in the declaration were sufficiently explicit and formal, as required by our system of pleadings ; see *Article* 75 *of Code, secs.* 2, 3, 5, 22, and the *sub-secs.* under same, and *sec.* 38. There was no error on the face of the pleadings on which to base a demurrer, which is only for matters of law, and concedes all the facts.

The defendants were sued as partners under their partnership name of "Tillard & Ireland," and as such, were duly summoned, both by their individual names, and they appeared by their counsel. In the argument of the demurrer, the only point raised by their counsel below was, that one of the partners was sued as E. E. Tillard, instead of Edward E. Tillard, and no evidence was offered to prove that his first christian name was Edward.

Upon that ground alone the Court sustained the demurrer, and upon that ground alone, it is presumed the appellees will seek the affirmance of the judgment, as no other has been suggested or is apparent from the record.

The real matter in controversy in the case, though not apparent on the record, was the desire on the part of the defendants to get in the plea of limitations. The defendants had omitted to have that plea filed in time under the rules of the Circuit Court, and unless they could compel the plaintiffs to amend their declaration, they would be exclued from the benefit of that plea. The same reason prevented the plaintiffs from amending their declaration, for then the plea of limitations would be let in.

The appellants will now insist, that there was no error or fault in the pleadings by the omission of the full christian name of one of the defendants, which would justify the judgment below.

Firstly. Because the parties were sued as a firm, by the proper name of the firm, and were duly summoned and appeared as such. They were not sued as individuals, or in their separate capacity, or by their individual names. The names given them were the names by which they were known in the trade and to the world. Their individual names were only employed to designate who the partners were, and for this purpose were given with sufficient particularity to point out who they were—what persons or individuals constituted the firm—and there is nothing in the

75th Article of the Code, to show that greater particularity or certainty in pleading was required. To sustain such judgment would be against the entire theory of our system of pleadings and practice. See 3*d sec of Art.* 75. The 25th sec. of Article 75, under the head of "Practice," expressly states that no writ or action shall abate or be discontinued because of the misnomer of any defendant named therein, but the Court, on suggestion, supported by the affidavit of the plaintiff or other proof, to the satisfaction of the Court, that the party summoned in said writ of action is, in fact, the party intended to be sued, may, at any time before judgment, direct the writ, &c., to be amended, &c.

In this case it was not contended, but on the contrary conceded, by their appearing and demurring, that the parties summoned were the parties intended to be sued, and it is submitted that this was proof which should have been satisfactory to the Court ; besides, there was no proof offered to show that the parties summoned were not the persons composing the firm of Tillard & Ireland, who were the parties intended to be sued, nor any offer made to produce such proof, and yet against this proof and directly against the words of this 25th sec., the Court below discontinued the action by giving judgment for the defendants.

Nor was there any proof that the defendant's name was Edward, or that he had any other name than E. E. Tillard, as he was called by plaintiffs, or that he had never been called or known as E. E. Tillard, and did not so write and call himself.

Secondly. It will be contended that if the failure to give one of the defendants his full christian name, was an error which, under our forms and rules of pleading, would entitle the party to a judgment in his favor, it was not the subject of demurrer, but must have been taken advantage of by plea in abatement, being only a *misnomer. Stephens*

*on Pleading*, 319, 320. 1 *Chitty on Pleading*, 244, 245. *Id.*, 451. 5 *Mass. Rep.*, 97. By such plea he was also obliged to give the plaintiffs a better writ or declaration by supplying them with his correct name. *Steph. on Pl.*, 240, 241. *Id.*, 435.

For the foregoing reasons the appellants contend the judgment rendered by the Court below was erroneous, and will not be sustained by this Court.

*A. Randall* and *A. B. Hagner* for the appellees.

Under the general demurrer filed by the appellees, it will be insisted that the declaration is insufficient upon several grounds:

1st. It is not alleged in the declaration that the *chose in action*, upon which the suit was brought, was assigned in writing by Lanier, Brothers & Co., to the plaintiffs, and for valuable consideration.

At the common law, *choses in action* were not, in general, assignable, and the assignee could not sue in his own name. 1 *Chitty's Pl.*, (15.) By the Act of 1829, incorporated in the Code, (Art. 9, sec. 1,) the assignee of a *chose in action*, by assignment in writing, was authorized to maintain the action in his own name. But only such assignee, *i. e.*, in writing, can sue in his own name, and his right of action must be shown by the declaration. *Kent vs. Somervell*, 7 *G. & J.*, 270. This particularity is required by the general principles of pleading at the common law, and under the Code. *Lawes' Plead.*, ch. 4, *p.* 68. *Do.*, *ch.* 8, *p.* 168.

Whatever is necessary to be proved by the plaintiff at the trial, must be alleged in the *nar*. *Code, Art.* 75, *secs.* 2 and 3. 1 *Chitty's Pl.*, (295,) (298,) (237.) If a statute made a writing necessary to a common law matter, where it was not necessary by the common law, the thing need not be pleaded to be in writing, but it might be given in

evidence; but where the statute which originally required the Act, declares it shall be in writing, it must be pleaded with all the circumstances required by the statute. (2 *Salk.*, 529; 1 *Sid.*, 142; 1 *Levin*, 81,) cited in 1 *Bos. & Pul.*, 74.

That advantage can be taken of this defect by demurrer, see *Lawes' Pleading*, ch. 8, p. 168. 1 *Bos. & Pul.*, 74. 1 *Ch. Pl.*, 221, 222. In this case, the declaration does not set out properly an assignment, even by parol.

2nd. That the declaration must set out the christian and surname correctly, is clear. 1 *Chitty's Pl.*, (256,) (244.) *Stephens on Pl.*, (302.) 3 *Chitty's Gen'l Prac.*, 163, 174, 183, 185, 466. *Gould's Pl.*, (302.) *Miller vs. Hay*, 3 *Excheq.*, (*W. H. & G.*,) 14.

3rd. If the holder can't recover on a note for want of title or authority to sue in his own name, he can't recover on the common counts. *Olcott vs. Rathbone*, 5 *Wend.*, 490.

BARTOL, J., delivered the opinion of this Court.

This action was instituted by the appellant against the appellees, as partners trading under the name and firm of Tillard and Ireland. The declaration contains five counts, viz:

1st. For goods sold and delivered to the defendants by Lucius L. Lanier, Robert T. Lanier, Robert M. Spiller and John W. Selby, partners, trading under the name and firm of Lanier Brothers & Co.

2nd. For money lent to the defendants by said Lanier Brothers & Co.

3rd. For money paid by the said Lanier Brothers & Co., for the defendants, at their request.

4th. For money received by the defendants for the use of said Lanier Brothers & Co.

5th. For money found to be due from the defendants, to

said Lanier Brothers & Co., on accounts stated between them.

The plaintiff sues as assignee, and in each count of the declaration an assignment by Lanier Brothers and Company to the plaintiff is alleged.

The defendants appeared ( by the names of Edward E. Tillard and William Ireland,) by their attorneys, and filed a general demurrer to the declaration, and the plaintiff having joined in the demurrer, the Circuit Court ruled the demurrer good and gave judgment for the defendants, from which this appeal was taken.

The only questions presented by the record are, first, whether the declaration is defective; and secondly, whether the defects may be taken advantage of upon demurrer.

By the Code, Art. 9, sec. 1, "the assignee of a *chose in action* entitled thereto by assignment in writing, signed by the person authorized to make the same, is authorized to maintain an action in his own name.

The declaration in this case does not aver that the assignment is in writing ; and the want of such averment is alleged to be a fatal defect. According to the general principles of pleading at the common law, we think this objection would be fatal on demurrer. At the common law, assignees could not maintain an action in their own names, this right is conferred only by the statute which declares that the assignment must be in writing ; in such case the rule is well settled, that if an assignee proceeds under the statute, he must cover in his pleading everything which the statute requires. See *Chitty's Pl.*, 222, and authorities there cited.

But this rule has been changed by the system of pleading adopted by the Legislature, and contained in the Code, Art. 75. By the 22nd section of that Article it is enacted, that "the forms of pleadings which follow shall be sufficient, and the like forms may be used with such modifica-

tions as may be necessary to meet the facts of the case ;"
then in section 38, ( page 515,) is given the form of a de-
claration in a suit by an assignee, in which an assignment to
the plaintiff is alleged without any averment of its being
in writing.

The declaration in this case being in this respect accord-
ing to the form prescribed in the Code, must be held to be
sufficient.

The other ground alleged in support of the demurrer is,
that the christian name of Tillard, one of the defendants,
is not stated.

The rule is that the declaration ought to set out the
christian name and surname of the parties correctly.   "A
mistake in the name of a party to the suit was ground for
plea in abatement only at the common law, and could not
be objected to as a variance at the trial."   *Stephens on
Pleading,* 353.   See 3 *Gill,* 443.   1 *Md. Rep.,* 503.

"A plea in abatement must give the plaintiff a better
writ or bill."   *Stephens on Pl.,* 483.   "The meaning of
this rule," says the author, "is that in pleading a mistake
of a form, in abatement of the writ or bill, the plea must,
at the same time, correct the mistake so as to enable the
plaintiff to avoid the same objection in framing his new
writ or bill." * * * * *  "For these pleas, as tending to
delay justice, are not favorably considered in law, and the
rule in question was adopted with a view to check the repe-
tition of them."

The alleged misnomer of the defendant was not a good
ground of demurrer.  By the Code, Art. 75, sec. 25,
( page 524,) it is provided, that "no writ or action shall
abate or be discontinued because of the misnomer of any
defendant named therein," and the Court, in its discretion,
is authorized to allow the writ or any of the proceedings
to be amended at any time before judgment by inserting
therein the true name of the defendant.

Being of the opinion that the Circuit Court erred in its ruling upon the demurrer in this case, the judgment will be reversed and a *procedendo* ordered.

*Judgment reversed and proccdendo.*