ANNAPOLIS BANKING & TRUST COMPANY *v.* PAUL V. BURWELL ET AL., EXECUTORS.

[No. 36, October Term, 1928.]

*Decided December 7th, 1928.*

The cause was argued before Bond, C. J., Urner, Adkins, Digges, Parke, and Sloan, JJ.

*J. Purdon Wright* and *Samuel Carliner,* with whom was *Ridgely P. Melvin* on the brief, for the appellant.

*L. Vernon Miller,* with whom were *Nicholas H. Green* and *Marbury, Gosnell & Williams* on the brief, for the appellees.

Adkins, J., delivered the opinion of the Court.

Dr. Robert L. Burwell, since deceased, on August 20th, 1924, entered into a written contract with one Theodore C. Hellmers, a builder, whereby Hellmers agreed:

In consideration of the sum of $5,445,

"to furnish all the necessary labor and materials, exclusive of lighting plant and fixtures for the same, heating plant, etc., to construct a dwelling near Lothian, A. A. Co., Md., in accordance with drawings and specifications to be furnished by R. L. Burwell, * * *. The party of the first part to furnish all lighting plant and fixtures and heating plant.

"In consideration of the foregoing, the said party of the first part (Burwell) agrees to pay to the said party of the second part (Hellmers) payments as follows:

"$1,800 when framed

"$1,800 when closed in

"$1,845 balance paid when house is completed and Hellmers brings releases from material men."

On or about the date of said contract Hellmers applied to the West River Branch of the Annapolis Banking & Trust Company at Galesville, Maryland, for a loan of $1,200, stating that he had a contract with Dr. Burwell to build him a home, the contract price of which was to be $5,445, but that he was short of money for financing this building until the

building progressed far enough for him to receive his first payment, and the bank agreed to make the loan, "lending to Theodore C. Hellmers $1,200 provided he gave the bank a note signed by himself and wife and an order on Dr. Burwell to withhold $1,200 from the contract price of building his house at Lothian for the account of the West River Bank, until the account of Hellmers for the $1,200 had been settled." On October 8th, 1924, Hellmers returned to the bank with a note dated August 27th, or 28th, 1924, signed by himself and wife and with an order as follows:

"Galloways, Md.
"Sept. 8, 1924.

"Dr. Robert L. Burwell,
 "Lothian, Md.
"Dear Sir:
 "Will you kindly use this letter as authority from me to withhold from the contract price of building your home near Lothian, Maryland, for the account of the West River Bank, Galloways, Maryland, $1,200 until notified by the said bank that my account with them for that amount has been settled.
"Yours very truly,
 "Theo. C. Hellmers (Signed).
"Witness: John H. Hopkins, Jr."

On the same day the bank sent this order to Dr. Burwell with a letter reciting the order and adding:
 "We would appreciate it very much if you would bear this in mind and protect our interests in this matter, when making your settlements with him.
 "We would appreciate it if you would acknowledge this letter advising that you will protect us as per authority contained in the enclosed letter * * *."

To which, on October 10th, 1924, Burwell replied:
 "Your letter, enclosing an order on me from Theodore C. Hellmers to withhold for your account $1,200 out of his contract price for building my house, to hand, and this matter shall have my attention."

On October 8th, 1924, the day the order was delivered to the bank with the note of August 27th, 1924, the bank paid out the $1,200 to Hellmers. Defendants were permitted, over the objection of plaintiff, to introduce in evidence a letter from the counsel of the bank dated January 22nd, 1925, to Dr. Burwell, as follows:

> "Upon my return to my office this morning after a four months' absence, there was presented to me some papers in connection with a loan made by the West River Bank to Theodore C. Hellmers amounting to $1,200. This loan, I understand, was made on the assumption that you would honor Mr. Hellmers' draft for the amount of the same.
>
> "However, it seems that the form of this draft, or, rather, your acceptance of it, is not in formal shape. In order to clear up this matter of form, I am writing to ask that you give us something to the following effect:"

Here followed a suggested form of acceptance. Defendants, over plaintiff's objection, were permitted also to introduce the following letter from Dr. Burwell to the West River Bank, dated January 14, 1925:

> "As I told your President and Cashier several days ago that when Theodore Hellmers had finished his contract on my house and after he had given me releases from his material men that I would pay his draft on me for $1,200 if he had the funds in hand. In the meantime I think it best to return the draft. You can rest assured that before I settle with him finally I will advise you. Everything of course is moving slowly in the building line, at present. Mr. Hellmers is well within his contract, as yet, and I have no doubt everything will work out all right."

Hellmers disappeared during the first week in April, 1925, and has never been heard of since. Dr. Burwell died in August, 1925, leaving a will appointing appellees executors, and they duly qualified. Appellant's claim was filed against the estate in the Orphans' Court of Anne Arundel County,

and, upon the refusal of the executors to pay it, suit was entered in the Circuit Court for Anne Arundel County, and removed to the Court of Common Pleas of Baltimore City. A verdict was found for defendants by direction of the court. This appeal is from the judgment entered on that verdict.

There are four exceptions in the record, the second and third to rulings on evidence and the fifth to the granting of defendants' prayer withdrawing the case from the jury. The first and fourth exceptions were abandoned.

Considering first the last exception: This prayer appears to have been granted on the theory that, as far as the evidence disclosed, at the time the order was given and acknowledged, there were no funds in the possession of Dr. Burwell which were available and that there was no such acceptance by Dr. Burwell of the order of Hellmers as to amount to an assumption by Burwell of an obligation to the bank.

We are unable to accept the conclusion of the learned trial judge. In our opinion the letter of Dr. Burwell of October 10th, 1924, was in effect an acceptance of the order. To constitute an acceptance neither an express promise to pay nor an express acceptance is necessary. If the conduct of the drawee is such as to indicate an acceptance on his part and to warrant the belief that he intends to honor the order, an acceptance and promise to pay will be inferred. *Stewart v. Rogers*, 19 Md. 115; *Union Bank v. Tillard*, 26 Md. 451; *Wilson v. Carson*, 12 Md. 54, 75; *Pen Mar Co. v. Ashman*, 152 Md. 273 at 278. And it is sufficient if the fund has a potential existence. *Hamilton v. Rogers*, 8 Md. 301; *Wiseman v. Northern Pacific R. Co.*, 20 Or. 425; *Blackistone v. German Bank*, 87 Md. 302.

But appellees strongly contend that, even if Dr. Burwell's letter be construed as an acceptance, it cannot properly be construed as a promise to pay the $1,200 out of the first instalment or any particular instalment to become due Hellmers on the house, and suggests that if appellant thought it was to be paid out of the early instalments it would not have cashed for Hellmers Dr. Burwell's checks to Hellmers' order

to the amount of $2,800, as it appears from the evidence it did. Appellees further contend that there is nothing in the record to show that Dr. Burwell had any funds belonging to Hellmers; or that Hellmers had completed the house and earned the contract price.

In *Blackiston v. German Bank, supra,* it was held that, where a person by whom money is to become payable upon the completion of certain work accepts an order drawn on him by the workman directing payment to be made to an assignee, such person becomes liable to the assignee for the full amount mentioned in the assignment, upon the completion of the work, and he is not entitled to deduct therefrom money afterwards paid by him to the workman, even though the advancement was necessary to enable the latter to complete the contract. In the present case there is nothing in the record to show whether or not Hellmers completed the house. But, here, payments were due under the contract *before* the completion of the house. And the letter of Dr. Burwell of January 14th, 1925, written after he had paid Hellmers $2,300, states that he is at that time "well within his contract." These payments were made after the order was accepted. In our opinion, when Burwell made these payments he took the risk of subsequent defaults by Hellmers; and the bank is not estopped because it cashed checks from Burwell to Hellmers. It was Burwell's affair, and not the bank's, if Burwell chose to take the risk of paying Hellmers the first instalments that came due without deducting the amount due the bank.

Plaintiff's second exception should have been sustained. The letter of Mr. Melvin was not an admission of any legal defect in the order and was therefore not relevant to any issue in the case.

We find no reversible error in the third exception. Of course, the letter of Dr. Burwell written after his acceptance of the order was not relevant; but its admission helped rather than injured plaintiff.

> *Judgment reversed and new trial awarded, with costs to appellant.*