JUNE 1822.

Garrell
vs
Hanna

of the trustee, and revert to the insolvent debtor, and vest in him by operation of law as a resulting trust, the original object of the trust having failed, and the property will be liable to be operated on and affected under the general laws as the property of the insolvent debtor.

I am of opinion that the judgment of the court below be affirmed.

JUDGMENT AFFIRMED.

COURT OF APPEALS, JUNE TERM, 1822.

GARRELL vs. HANNA.

*Where G. and H. are joint and equal owners of a vessel, and H. has her insured in his own name to amount of $1500, rating her value at $2500, the policy does not cover the interest of G. nor can he recover any part of the insurance from H, on his, H's receiving it from the insurers.*

*The construction of written evidence is with the court and not the jury.*

APPEAL from Baltimore county court. Assumpsit for money had and received, brought by the appellant, (the plaintiff in the court below,) against the appellee. The general issue was pleaded. At the trial below, it appeared in evidence that the plaintiff and the defendant were joint and equal owners of the schooner Mary, and that she sailed from Baltimore to Washington, in North Carolina, on the 8th of August 1816. On the 20th of August 1816, the defendant sent to The Union Insurance Office of Maryland the following order for insurance, viz. "Insurance is wanted to amount of $1500 on the schooner Mary, James Garrell, master, valued at $2500, from Baltimore to Washington, N. C. against all risks. The Mary is 126 tons burthen, light, staunch and strong, draws about 8 feet water; and the master, who is part owner, is sober, industrious and attentive. She sailed on the 8th instant. Baltimore, Aug. 20. 1816. John Hanna." This order was accepted by the company at one and half per cent. and a policy of insurance was thereupon executed in the name of John Hanna, and "as well in his own name, as for and in the name and names of all and every other person or persons to whom the same doth, may or shall appertain, in part or in whole, lost or not lost, at and from," &c. this being the usual form of all insurances effected at that office. The Mary was lost by one of the perils insured against, and the whole of the insurance, viz. $1500, was received by the defendant. On these facts the court below, [Dorsey Ch. J. and Ward A. J.] on the prayer

of the defendant, directed the jury, that the plaintiff was not entitled to recover. The plaintiff excepted and appealed.

The cause was argued in this court before CHASE, Ch. J. BUCHANAN, EARLE, MARTIN, and STEPHEN, J.

*Raymond*, for the appellant, stated the question to be, Whether or not the defendant made the insurance as well for himself as for the plaintiff? That the words of the policy included the interest of both. He contended, 1. That where one of two joint owners did an act in relation to their property, it was for the benefit of both; and 2. That the court below should have left the evidence to the jury. On the *first point* he cited *Lawrence vs. Sebor*, 2 *Caine's Rep.* 203.

On the *second point* he cited *Cocksedge vs. Fanshaw*, 1 *Dougl.* 119. *Gibson and Johnson, vs. Hunter*, 2 *H. Blk. Rep.* 205. *Macbeath vs. Haldimand*, 1 *T. R.* 182, per *Buller*, J.

*R. Johnson*, for the appellee, contended, 1 That the order and the policy of insurance were the only evidence in the cause, and there was nothing in either to show that the insurance was effected for the benefit of both; that the rule laid down for the construction of such evidence was settled by this court in *Ferris vs. Walsh*, ante 306.

2. That there was no reason why the insurance should be for the benefit of both; they were joint owners of the vessel, but not of the cargo. That there could be no insurance for a part owner without his particular direction. *French vs. Backhouse*, 5 *Burr.* 2727, 2729.

3. That if this was a partnership transaction the action could not be sustained, there being no liquidated balance *Heath vs. Hubbard*, 4 *East*, 109.

*Raymond*, in reply, insisted that the action might be maintained, although they were partners. That where the sum could be ascertained, one partner might sue another. But he contended, that joint owners of a ship were not partners; that they were tenants in common. 2 *Esp. Dig.* 198. *Wilson vs. Read*, 3 *Johns. Rep.* 175.

JUDGMENT AFFIRMED.