## Ewalt *against* Gray.

Trespass for mesne profits, although a legal action, is susceptible of an equitable defence. A deficiency, therefore, of profits of one year, to meet the payment of a quit rent and taxes, may be deducted from an excess of profits over the quit rent and taxes of another year. A plaintiff may show that a deficiency of profits in particular years, included in the period of recovery, has been compensated by an excess in years excluded from it by the statute of limitations. But a defendant may not swell his claim by resorting to an inversion of the principle, which would in effect give him a right to recover expenses for a period during which he has elected to be irresponsible for profits.

ERROR to the district court of *Allegheny* county.

James Gray against Samuel Ewalt. This was an action of trespass for mesne profits of a house and lot, in the city of Pittsburgh. The plaintiff gave in evidence, the record of an action of ejectment for the house and lot, against James Ellin and George Ledlie, No. 151, April term 1828, which, by agreement, was referred without the right of appeal, and in which the referees made the following award, on the 30th of December 1829.

" We do find and award in favour of the plaintiff, upon this ground exclusively, that the defendant came into possession, under Samuel Ewalt, who obtained the possession thereof, and leased the same to the defendant, under a clause of re-entry in a deed of perpetual lease, made by him of the same, to Matthias Barnevill, his heirs and assigns, for and on account of the rent therein mentioned not having been paid, without having made any demand on the leased premises, of the rent, &c., due, on the day appropriated for that purpose, in the said deed; and that, therefore, the possession of defendant is deemed illegal, as against the plaintiff, whether rents were or are still due to the said Samuel Ewalt or not? A question which we have not decided at all."

Upon this award judgment was entered, upon which a *habere facias possessionem* issued, and the plaintiff was put into possession.

It appeared, that on the 9th of March 1813, Samuel Ewalt, the defendant, made a perpetual lease to Matthias Barnevill, for the lot, reserving a rent of 119 dollars 12 cents per annum; and that the house and lot were sold, as the property of Barnevill, to James Gray, the plaintiff, by the sheriff, on the 5th of February 1819. The present defendant came into possession of the property in the manner mentioned in the award of the referees.

[Ewalt v. Gray.]

This action was brought to November term 1834, and the defendant pleaded *non culpabilis infra sex annos.*

Upon the trial of the cause, the defendant offered to show, that from 1822, when he went into possession of the property then vacant, he leased it to the best advantage, and that, in 1828, he had not yet received the amount of his ground rents; and this for the purpose of recovering the balance of the quit rents due for those years, out of the profits which have since accrued.

This evidence was objected to by the plaintiff, and was rejected by the court, who sealed a bill of exceptions.

The defendant contended, as a matter of fact, that the profits for three of the six years, which were recoverable, were not equal to the taxes paid by him, and the annual quit rent due to him; and, therefore, in equity he was entitled to have a credit for the deficiency out of the three years, when there was an excess of profits. But the court below was of opinion, and so instructed the jury, that this position was not tenable.

This opinion of the court, and that in rejecting the evidence mentioned in the bill of exceptions, were assigned for error.

*M'Candless* and *Forward*, for plaintiff in error, cited 20 *Vin. Abr.* 465, *Trespass;* 2 *Jacob's Law Dic. Recoup.*; 3 *Coke's Rep.* 60; 3 *Penns. Rep.* 461; 2 *Johns. Cas.* 44; 4 *Cowen* 162; 2 *Wash. C. C.* 165; *Add. Rep.* 215; 3 *Pow. on Mort.* 949.

*Livingston* and *Mahon*, for defendant in error, cited 4 *Watts* 117; 1 *Rawle* 442.

The opinion of the Court was delivered by

GIBSON, C. J.—Trespass for mesne profits is a legal action, susceptible, however, of equitable defence borrowed, it is probable, from the practice in chancery on bills to account; and it is certain that a desseisor of his own tenant, may recoup as much as would have accrued to him had not the rent been suspended by his entry. Nothing is more distinctly visible than the existence of his equity, or better established by the authorities. The question is, then, whether an excess of profits over the rent in a given year, may be balanced by a deficiency in another year. Why may it not? A chancellor would not settle a separate account for each; and even if he would, there is no reason or justice to forbid the balances of profit and loss to be set against each other. But may not the plaintiff, for purposes of rebuttal only, be allowed to open the whole account, so as to bring into view the profits of years excluded by the statute of limitations from direct recovery? The defendant can undoubtedly have no equity if he has received, by anticipation, the rents for the whole term. By urging his claim to equitable defalcation, he has assumed the attitude of a plaintiff asking for equity; and he must, therefore, manage his legal defence

so as not to produce inequity. He may use his plea of the statute, to the extent of its legal effect on his direct responsibility; but not to enlarge the ground of his relief beyond the limits of the hardship of which he complains. ' He may, at his election, abandon the one or the other, or use them both separately; but he may not increase the effect of the one by the operation of the other; for relief is extendible to him, not of right, but of grace, and only on terms of submission to the dictates of justice, and if he insist on strict law, he shall have strict law. If the plaintiff, then, can show that the deficiency of profits in particular years included in the period of recovery, has been compensated, in whole or in part, by an excess in years excluded from it by the statute of limitations, he will have so far repelled the ‾defendant's claim to relief. But the defendant may not swell his claim by resorting to an inversion of the principle; for that would, in effect, give him rents for a period during which he has elected to be irresponsible for profits, and the rejected evidence seems, therefore, to have been properly excluded.

Judgment reversed, and a *venire de novo* awarded.