Tongue *vs.* Nutwell.

(Decided 2d July, 1869.)

---

ANN TONGUE *vs.* GEORGE W. NUTWELL.

*Construction of Art. 7, sec. 1, of the Code of Pub. Genl. Laws—Statute of Limitations a bar to the Recovery of Mesne profits, after Judgment in Ejectment—Insurance—Insurable Interest—The value of Permanent Improvements allowed against a claim for Mesne profits—Measure of Damages—Evidence—Action for Mesne profits by one Tenant in common against his Co-tenant.*

The first section of the Code, Art. 57, enacts, that "all actions for trespass, for injuries to real or personal property, shall be commenced or sued within three years from the time the cause of action accrues." HELD:

1st. That an action of trespass for mesne profits falls within the operation of this section of the Code, and must be commenced "within three years from the time the cause of action accrues."

2d. That in such an action, the Statute of Limitations, if pleaded, is a bar to the recovery of all rents and profits which had accrued three years before the bringing of the action.

Tongue *vs.* Nutwell.

A having recovered from B, in ejectment, a moiety of certain land, sued B in an action of trespass for mesne profits. B had insured, on his own account, a house on the land, which was afterwards destroyed by fire, and he recovered, on the policy of insurance, the amount for which the house was insured. HELD:

1st. That A, in the action for mesne profits, could not recover any part of the money received by B upon the policy of insurance.

2d. That B, as owner of one moiety of the land, had an insurable interest in the property, and having insured it for himself, and in no sense as the agent for A, the latter could have no rights under the contract.

3d. A defendant, in an action for mesne profits of land recovered in ejectment, who has, in good faith, made lasting improvements upon the land, may be allowed the value of them against the rents and profits. But in a case where the plea of the Statute of Limitations is interposed, which prevents the recovery by the plaintiff of the rents and profits beyond the time of limitation, the defendant should be compelled to apply, in reduction of his claim for improvements, any profits which the plaintiff may prove to have been received by him at any time during his occupation.

4th. That the measure of damages in such action was fixed, and the only thing which A could be entitled to recover was one moiety of the rents and profits received by B. And it appearing that A did not claim exemplary damages, evidence offered by B to show that he had purchased and entered upon the land in good faith, was not pertinent to the issue, and inadmissible in mitigation of damages.

5th. That the only purpose for which such evidence could be admitted would be as a ground upon which he would be entitled to be allowed for costs of improvements, if such allowance should be objected to by the plaintiff.

A tenant in common, after recovery in ejectment, may maintain an action of trespass for mesne profits against his co-tenant.

APPEAL from the Circuit Court for Anne Arundel County.

The facts of this case are sufficiently stated in the opinion of the Court. On the trial of the issues in this case, under the instructions of the Court, a verdict was rendered for the defendant on all the issues. The plaintiff reserved *five* exceptions.

*First exception.*—The plaintiff claimed *mesne profits* from the 1st day of May, 1854, the date of the demise, to the day of the commencement of this action. The Court, on objection made by the defendant, excluded all evidence of the value of rents and profits, for any period prior to the term of three years next before the commencement of the suit.

*Second exception.*—The plaintiff offered to prove that in 1864, the defendant had received the sum of $1800, the value of a house on the premises, insured and destroyed by fire, but this proof was excluded by the Court.

*Third exception.*—Since 1860, the defendant built a corn-house on the land, at a cost of $200, one-half of which he insisted ought to be deducted from the value of the rents and profits, to be assessed to the plaintiff. The plaintiff objected to any such allowance, unless the defendant would bring into account the value of the profits realized by him more than three years next before the commencement of this suit; and also because the said erection had been made since this suit, *i. e.* pending the ejectment.

But the Court overruled such objection, and allowed the evidence to go to the jury.

*Fourth exception.*—The defendant offered evidence that he entered into possession of the premises as a *bonâ fide* purchaser for full value, and without notice of the claim of the plaintiff, and insisted that such evidence was proper for the consideration of the jury in the assessment of damages in this action.

The plaintiff objected to the admission of such evidence, disclaiming all purpose of recovering exemplary damages in the case; but the Court overruled the objection, and permitted the evidence tendered to go to the jury.

*Fifth exception.*—The plaintiff had recovered an undivided moiety of the premises, for the recovery of the rents and profits whereof this action was brought, and

thereupon the defendant prayed the Court to instruct the jury, that the plaintiff and defendant were tenants in common of said premises, during the time for which rents and profits are sought to be recovered, and therefore the plaintiff cannot maintain this action. This instruction was granted by the Court. The plaintiff appealed.

The cause was argued before BARTOL, C. J., STEWART, BRENT and ROBINSON, J.

*Frank. H. Stockett, Thomas G. Pratt* and *Thomas S. Alexander,* for the appellant.

In opposition to the ruling of the Court, as shown in the *first* bill of exceptions, it is claimed that after the recovery in ejectment, the plaintiff is entitled to maintain his action of trespass for profits realized *mesne, i. e.* pending the action of ejectment, and since the date of the demise, if such demise be laid within three years next preceding the institution of the action of ejectment.

A like question was raised in the case of *Mitchell vs. Mitchell,* 10 *Md.,* 234, in which, by reason of the division of this Court thereon, the ruling of the Court below excluding evidence of the rents and profits for any period, prior to the term of three years next before the commencement of the action, was sustained, which leaves the question still undecided by this Court, and it therefore now stands for adjudication, unprejudiced by anything in that case. As an open question, there can be little difficulty in solving it by an appeal to principle and analogy.

Statutes of Limitations are against common right, and are, therefore, strictly interpreted. They are to be applied to all cases within their letter, but are not to be enlarged by intendment. There is no case to be found in which any Statute of Limitations has been extended by equitable construction beyond its letter. There are, on the contrary,

many cases in which equity relieves where the remedy at law is barred. *Story's Eq.*, sec. 64, *a*, secs. 1521 *and* 1521 *a*, *&c.*, and notes and references under same. ·

Even at law the plea of limitations is not treated as a defence on the merits; hence it must be filed by the rule day, and is incapable of amendment. *Kunkel vs. Spooner*, 9 *Md.*, 462. Art. 57, sec. 1, of the Code of Public General Laws as amended by the Act of 1861, ch. 73, provides that "all actions of accounts, &c., all actions for trespass for injuries to real or personal property, shall be commenced within three years from the time the cause of action accrued." An action of "trespass for mesne profits," is not an action "for trespass for injuries to real property." In *Gill vs. Cole*, 1 *H. & J.*, 403, it was expressly declared that in trespass for mesne profits, the plaintiff recovers damages for the use and occupation of the land only, and not for injuries committed to the land; and in *West vs. Hughes*, 1 *H. & J.*, 574, it was declared that in such action, the measure of damages must be the profits actually realized by the defendant, or the probable value of the land. The recovery of mesne profits is, therefore, no bar to a suit subsequently brought for injuries to the land during the possession thereof by the defendant. The causes of action are distinct, and the measure of damages applicable to the two actions are widely different, and in those differences are to be found the explanation of the difference between the letter of the Code and the ancient Act of 1715, ch. 23, which extends expressly to all actions of trespass *quare clausum fregit.* The inference from the state of the records in the two cases just referred to is, that in the opinion of our old property lawyers, limitations would not bar a recovery for mesne profits from the day of the demise laid in the ejectment suit, for in both of those cases it clearly appears that the actions for mesne profits were brought to recover, and recoveries had for the occupation of the premises for periods *longer* than three years

next before the bringing of the suits, and no plea of limitations was interposed in either case against such recovery; and in the case of *West vs. Hughes,* the Court expressly determined that the plaintiff, in his recovery, was not limited to the time laid in the demise in the ejectment suit, but might recover for *antecedent* profits, if he could prove that his title accrued before that time. The Code was most probably designed to remove the doubt which was thrown over the subject by the case of *Mitchell vs. Mitchell,* 10 *Md.,* 234, already referred to.

Again, the time is declared to run " from the time the cause of action accrued." Now it is settled upon construction of these Statutes, that the cause of action does not accrue until the party has acquired his right to issue his writ, and if the right of action depends on several future events, the cause of action will not accrue until the last in order of those events shall have happened. 2 *Greenleaf on Ev.,* sec. 433; *Dugan, et al. vs. Gittings, et al.,* 3 *Gill,* 160; *Murdock vs. Winter's Adm'r,* 1 *H. & G.,* 471; *Hill, et al. vs. Meyers, et al.,* 46 *Penn.,* 16.

If we may assume that the judgment in ejectment is a prerequisite to the action for profits since the ouster, the Statute must, by the reason of the thing, commence to run only from the time of that judgment. *Hanger vs. Abbott,* 6 *Wallace,* 533; *Montgomery vs. Hernandez,* 12 *Wheat.,* 129; *Benson, et al. vs. Matsdorf,* 2 *John. Rep.,* 371; *Dewey vs. Osborn,* 4 *Cowen,* 329; *Jackson vs. Combs,* 7 *Cowen,* 36; *Dugan, et al. vs. Gittings, et al.,* 3 *Gill.,* 164; *Sellman vs. Bowen,* 8 *G. & J.,* 50.

*Second Exception:* The plaintiff is entitled to recover as *mesne profits,* a moiety of the sum received by the defendant from the insurance company, for the value of the house destroyed by fire. This money could not have been recovered by trespass *quare clausum fregit* " in common form." It is not the effect of an injury done by the defendant to the land. It is a fruit or profit realized by him in

consequence of his exclusive possession. It is the equivalent in value for something which formed a part of the land, and added value to it at the time of the ouster. It will be said that the defendant paid the entire premium, and insured in his own name and for his own profit. How those alleged facts could have been judicially noticed before the plaintiff's evidence had gone to the jury is past finding out, and the exception is, therefore, well founded on the clear principle that the defendant cannot offer in evidence matter in defence, until the plaintiff has offered his evidence in chief.

But this objection is rather to the regularity of the proceeding than to the merits, and as in the event of a new trial, the question will be presented in a more formal way; it will be assumed that the defendant did pay the whole premium, and being in exclusive possession, and pretending an exclusive title, he insured avowedly for his own protection.

The answer to the objection will be, that by his ouster of the plaintiff, he deprived her of color of title, and of the power of defending herself from loss by an insurance in her own name. He also availed himself of his own wrong, as conferring on him a color of title, without which he could not have effected an insurance of the entirety. He sowed at his own cost, and in the hope of gathering for his own profit. But as the law adjudges that the fruit of his husbandry shall be divided with his cotenant in title, who had, by his own wrongful act, been excluded from the possession, so by parity of reason, ought it to be adjudged that he shall share with her this accidental profit which he has realized by the same wrongful act. Treating this receipt as profit resulting from the occupation of the land, it is recoverable within the principle laid down in *West vs. Hughes*, 1 *H. & J.*, 574. In giving damages, the jury are not confined to the mere rent or annual value of the premises, but may give such

extra damages as they may think the circumstances of the case demand. 2 *Step., N. P.*, 1495; *Goodtitle vs. Tombs,* 3 *Wils.*, 121; *Symonds vs. Page,* 1 *C. & J.*, 29; *Morgan vs. Varick,* 8 *Wend.*, 587; *Drury vs. Connor,* 1 *H. & G.*, 220; *Strike's Case,* 1 *Bland,* 57.

The error in the decision, which is the subject of the *third* bill of exceptions, is shown by the case of *Ridgely vs. Bond,* 18 *Md.*, 435, where to a bill for an account of rents and profits the defendant pleaded limitations, and claiming an allowance for improvements, this Court ruled that such allowance must be set off against the rents and profits realized during the whole period of the defendant's occupancy. The action for mesne profits, though legal in form, is equitable in its principle; claiming nothing more than an account of profits realized, it must be taken according to equity. It is upon principles of equity alone that permanent improvements can be recouped from rents and profits, and the defendant, who would have equity, must do equity.

In this case the ruling of the Court is peculiarly ungracious, as the improvement for which the allowance is claimed was made more than three years before the commencement of this action, and it is to be assumed out of the rents and profits, for account of which it had been adjudged that limitations was a bar. In *Mitchell vs. Mitchell,* 10 *Md.*, 234, the like question was raised, but not decided, because of a defect in the prayer. *Ringgold vs. Ringgold,* 1 *H. & G.*, 11; *Hylton vs. Brown,* 2 *Wash. C. C.*, 165; *Strike's Case,* 1 *Bland.*, 57–77; *Van Alen vs. Rogers,* 1 *Johnson's Cases,* 283.

In answer to the ruling in the *fourth* exception, it would be sufficient to refer to the rule repeatedly laid down, that rents and profits are consequential on the recovery in ejectment. The judgment roll is conclusive as to the title of the plaintiff, and the measure of damages is fixed by *West vs. Hughes,* 1 *H. & J.*, 574.

And where the measure of damages is fixed, evidence in mitigation is not admissible. 2 *Green. Ev., secs.* 265, 266, 270, 272, 333; 3 *Amer. Jur.*, 287, 88, 89, 90, 92, 93, 99, 303, 308; 2 *Rob. Prac.*, 640.

The *fifth* exception raises the simple question whether, after a recovery in ejectment by one tenant in common against his co-tenant, the plaintiff may maintain her action for mesne profits against such co-tenant. *Goodtitle vs. Tombs*, 3 *Wils.*, 118, is in point, in support of the affirmative of that question, and has been adopted or approved repeatedly by the Courts in this country. 2 *Coke Litt.*, 200; *Stanynought vs. Cosins*, 2 *Barnes*, 368; *Aslin vs. Parkin*, 2 *Burrows*, 668; *Doe vs. Wright*, 10 *Adol. & Ellis*, 763 (37 *Eng. Co. L.*, 222;) *Booth vs. Adams*, 11 *Vermont*, 156; *Maddox vs. Goddard*, 3 *Shepley*, 218 (*Maine;*) *Hare vs. Furey*, 3 *Yeates* (*Penn.*,) 13; *McGill, and others vs. Ash*, 7 *Barr.* (*Penn.*,) 397; *Critchfield vs. Humbert*, 3 *Wright*, (39 *Penn.*,) 427; *Bennett vs. Bullock*, 35 *Penn.*, 364; *Baily vs. Fairplay*, 6 *Binney*, 450; *Dewey vs. Osborn*, 4 *Cowen*, 329; *Jackson vs. Combs*, 7 *Cowen*, 36; *Holdfast vs. Shepard*, 9 *Iredell*, 222; *Camp vs. Homesly*, 11 *Iredell*, 211; *Benson, et. al. vs. Matsdorf*, 2 *John. Rep.*, 371; *Langendyck vs. Burhans*, 11 *John.*, 461; *Van Alen vs. Rogers*, 1 *John. Ca.*, 281; *Cox, et al. vs. Callender*, 9 *Mass.*, 533.

*Alexander Randall* and *A. B. Hagner*, for the appellee.

On the First Exception, the following authorities were relied on: *Act of* 1715, *ch.* 23; *Art.* 57, *sec.* 1, *Code of Pub. Genl. Laws; Buller's Nisi Prius*, 87, 88; *Norris' Peake's Ev.*, 539; *Adams on Eject.*, 330 *note*, and 333; *Hare vs. Furey*, 3 *Yeates*, 14; *Morgan vs. Varick*, 8 *Cowen*, 587; *Sacia vs. De Graaf*, 1 *Cowen*, 357; *The Society, &c., vs. Town of Pawlets*, 4 *Peters*, 508; *Bank of the State of Alabama vs. Dalton*, 9 *Howard*, 529; *Day vs. Woodworth et al.*, 13 *Howard*, 363; 4 *Bonner's Inst.*, *sec.* 3681; 1 *Wheat. Selwyn*,

775; *Angel on Limitations, p.* 68, *sec.* 72, *p.* 317, *sec.* 307; *Dorsey on Ejectment,* 108 ; 2 *Saund. Pl. & Ev.,* 667, 668; *Brown's Actions at Law,* 479, 341 *top, in* 45 *Law Lib.; Demarest vs. Wynkoop,* 3 *John. Ch. Rep.,* 139, 142, 143 ; *State, use of Isaac, vs. Jones,* 21 *Md.,* 436 ; *Mitchell vs. Mitchell,* 10 *Md.,* 234 ; *Hammond vs. Inloes,* 4 *Md.,* 165 ; *Drury vs. Conner,* 1 *H. & G.,* 220 ; *Strike's Case,* 1 *Bland,* 73.

On the Second Exception : *Gill vs. Cole,* 1 *H. & J.,* 403 ; 2 *Stephen's Nisi Prius,* 1496 ; *Dunn vs. Large,* 3 *Douglas,* 335 ; (26 *Eng. C. L.,* 130.)

On the Third Exception : *Adams' Eject.,* 333 *note,* 335 ; *Murray vs. Governeur,* 2 *John. Cases,* 438 ; *Jackson vs. Loomis,* 4 *Cowen,* 168, 172 ; *Marie vs. Semple, Addis. Rep.,* 215 ; *Morrison vs. Robinson,* 31 *Penn.,* 456 ; 2 *Greenleaf on Ev., sec.* 337 ; *Mitchell vs. Mitchell,* 10 *Md.,* 234 ; *Whitney vs. Richardson,* 31 *Verm.,* 300 ; *Hylton vs. Brown,* 2 *Wash. C. C. Rep.,* 165.

On the Fourth Exception : *Strike's Case,* 1 *Bland,* 73.

On the Fifth Exception : 2 *Coke Litt.,* 199 *b, and* 200 *b, sec.* 323 ; *Henderson vs. Eason,* 9 *Eng. Law & Equity,* 337 ; *McMahon vs. Burchell,* 22 *Eng. Ch. Rep.,* 134 ; *Sargent vs. Parsons,* 12 *Mass.,* 149 ; *Woolever vs. Knapp,* 18 *Barbour,* 265 ; *Israel vs. Israel and wife,* 30 *Md.,* 120 ; *Dresser vs. Dresser,* 40 *Barb.,* 300.

Independently of the questions arising on the bills of exception, the judgment ought to be affirmed, because the defence to this action, taken in the seventh plea of the defendant, is "that the plaintiff hath not recovered the land mentioned and described in her said declaration, or any part thereof, or any interest therein, by any action of ejectment brought against him, the said defendant;" to which plea the plaintiff took issue, and the jury found on that issue for the defendant. Hence, the plaintiff has failed to establish her recovery in ejectment, which recovery, in the words of her own brief, " is essential to the perfection of her right of action for such trespasses " as

she sues for in this case. *Warner vs. Miltenberger's Lessee,* 21 *Md.,* 273; *Washington vs. Williamson,* 23 *Md.,* 252; *Staylor vs. Ball,* 24 *Md.,* 201; *Walker vs. Rogers,* 24 *Md.,* 237; *Cross vs. Hall,* 4 *Md.,* 429; *Hurst & Berry vs. Hill,* 8 *Md.,* 399; 2 *Greenl. Ev., sec.* 333, 618 *a.*

BARTOL, C. J., delivered the opinion of the Court.

This is an action for mesne profits, instituted by the appellant, on the 17th day of October, 1863, alleging the trespass to have been committed on the 1st of May, 1854, and continued till the 15th of May, 1863.

The appellee, defendant below, pleaded seven pleas, substantially as follows:

1st and 2d. Not guilty.

3d. Not guilty at any time within three years before the commencement of this suit.

4th and 5th. That the alleged cause of action did not accrue within three years before the commencement of this suit.

6th. To this plea there was a demurrer, which was ruled good, and no question is made thereon by the appellant.

7th. That the plaintiff hath not recovered the land mentioned in her declaration in ejectment.

Upon these pleas issue was joined. At the trial, five bills of exceptions were reserved by the appellant, which will be disposed of in the order in which they appear in the record.

*First Exception:* The plaintiff claimed *mesne* profits from the 1st day of May, 1854, the date of the demise. The Court, on the objection of the defendant, excluded all evidence of the value of rents and profits, for any period prior to the term of three years before the institution of the suit.

The question presented by this exception has not been decided by the Court of Appeals. It arose in *Mitchell vs. Mitchell,* 10 *Md.,* 234, and was elaborately argued; but the

Tongue *vs.* Nutwell.

Court, then consisting of four judges, being equally divided in opinion, no decision was pronounced.

It has been very ably argued; and we have given to it our best consideration, and will now, as briefly as we can, express our opinion upon it.

Our Statutes of Limitations are found in the Code, Art. 57. The first section enacts that "*all actions for trespass for injuries to real or personal property shall be commenced or sued within three years from the time the cause of action accrues.*"

This is an action of trespass, q. c. f.; the cause of action alleged in the declaration is the forcible breaking and entering into the plaintiff's land, expelling and removing her from the possession, and taking the rents and profits thereof. It is the usual form of action for the recovery of *mesne* profits, which is the object of the present suit.

The counsel for the appellant have argued that the case does not fall within the section of the Code, because actions of trespass, q. c. f., *eo nomine*, are not therein mentioned, as they were in the original Act of 1715, ch. 23, sec. 2; and because this suit is not instituted to recover damages for injury to the land.

To this view, we cannot give our assent; if it were correct, then would suits of this kind be without any limitation whatever. In our opinion, this section, in describing the several forms of action intended to be embraced, is a substantial codification of the 2d section of the Act of 1715, and to be construed in the same way.

The words " actions for trespass for injuries to real property " do not mean merely such actions as are instituted for the purpose of recovering damages for injuries to the land, but must be understood as embracing all actions for trespass for injury to the plaintiff's rights of property in the land. This is strictly an action of trespass, for injuries to real property, as are all actions of trespass, q. c. f., and as much within the operation of the Code as if it

had been mentioned by its technical denomination as *trespass quare clausum fregit.* Every unlawful entry by force into the lands of another is a trespass, and in contemplation of law, an injury to the land; such a trespass is alleged in the declaration, and is the groundwork of the present suit. It falls, therefore, as we have said, within the operation of the Code, and *"must be commenced within three years from the time the cause of action accrues."*

What is the effect of this law upon the rights of the plaintiff? Does it, when pleaded, limit her recovery of *mesne* profits within the three years before the institution of the suit?

Our examination of the authorities on the subject has satisfied us that such is the effect of the Statute, and consequently that the ruling by the Circuit Court, in the first bill of exceptions, was correct.

A point has been made by the appellant's counsel, and an argument addressed to us upon the effect of the words, "from the time the cause of action accrues." This argument will be noticed hereafter; we refer to it now simply for the purpose of saying, that in this respect the English Statute of Limitations, 21 James, 1, ch. 16, and the Act of 1715, were both similar in their provisions to the Code. The words of the former were "within six years next after the cause of such actions or suit, and not after." The Act of 1715, said "within three years ensuing the cause of such action, and not after." The construction which the English Statute has received may, therefore, safely be relied on as a guide in the construction of our own.

By reference to the English authorities, it will be found that the uniform rule in actions of this kind is to apply the Statute, and when it is pleaded, to limit the right of recovery to the six years next before suit brought. It is so stated in all the elementary books of acknowledged authority. *Buller's N. P.,* 88 ; *Peake's Evidence (Norris',)*

Tongue *vs.* Nutwell.

539; 3 *Bacon's Ab.*, 302; 2 *Saund. Pl. & Ev.*, 668 ; *Runnington on Ejectment*, 157 ; *Adams on Ejectment*, 333; *Roscoe's Law of Actions relating to Real Property*, 29 *L. Lib.*, 259 ; *Browne on Actions at Law*, 45 *L. Lib.*, 341.

As was said by Judge FISHER, in *Hill vs. Meyers*, 46 *Penn.*, 22 : "So well understood in England was it, that in an action for mesne profits at law, the Statute applies, that in analogy to it the Court of Chancery adopted the limitation in many cases where bills were filed, praying for an account of rents, issues, and profits," and cites a number of cases in support of the position. The law in England, under the Statute of James, has long been well settled.

In the United States, wherever Statutes of Limitation similar to ours have been in force, the Courts have uniformly held them to be applicable to cases like the present. The only exception is *Murphy vs. Guion*, 2 *Murphy*, 238, decided in North Carolina, and which was cited in argument in 10 *Md.*, 237.

It is unnecessary here to cite the numerous decisions in other States in support of this position. They have been referred to by the appellant's counsel in argument, and are cited in their brief; many of them are to be found referred to in the report of the argument in *Mitchell vs. Mitchell*, 10 *Md.*, 240–241. Although not distinctly decided, this rule seems to have been recognized in Maryland. In *Dorsey on Ejectment*, 108, it is said, " As to limitations as a bar to mesne profits, the defendant may plead it after three years."

In *Dugan vs. Gittings*, 3 *Gill*, 140, the Court recognized the plea of the Statute as a bar to the recovery of rents and profits in a suit at law, and by analogy, applicable also in Chancery in cases where no fiduciary relation exists between the parties. (See pages 161–162.)

In *Ridgely vs. Bond and wife*, 18 *Md.*, 434, which was a bill in equity to recover rents and profits, the plea of the Statute was allowed.

Looking at the whole current of decisions in England and in this country, the rule we have stated would seem to be too well established to be shaken. This rule has been assailed in argument on the ground, that as an action for *mesne* profits cannot be maintained before a recovery in ejectment, the Statute ought not to begin to run till then, and it is said to admit the plea of the Statute in such case would be manifestly unjust, and would leave the plaintiff without remedy for an admitted wrong. The answer to this argument is, that if the case falls within the words of the Statute, and is embraced in its operation, the Court cannot, by an equitable construction, save it from the bar which the Statute interposes.

It is, no doubt, well settled that the Statute does not begin to run until the cause of action arises; but it cannot be said here that the cause of action did not exist until the recovery in ejectment. It is true the plaintiff could not institute *this form of action*, until her recovery in ejectment; this is upon technical grounds, possession being essential to support an action of trespass; but the cause of action here is the trespass; and for trespasses which occurred more than three years before the institution of the suit, the plea of the Statute bars the recovery.

On this subject, we refer to the able and elaborate opinion of Judge FISHER, which was affirmed and adopted by the Supreme Court of Pennsylvania, in *Hill vs. Meyers*, 46 *Penn.*, 15. The question before him was the same, and the same argument above stated was addressed to him. The rules laid down by him on pages 20, 21, as applicable to the forms of action as affected by the Statute of Limitations are clearly stated, and in our judgment, correct, and we concur in the conclusion stated by him, that " the doctrine is too firmly established to be shaken," that in cases of trespass for *mesne* profits, the Statute, if pleaded, bars a recovery for all over three years before the bringing of the action.

*Second Exception:* We concur with the Circuit Court in its ruling upon this exception. The plaintiff is not entitled to claim any part of the money received by the defendant in 1864, under a policy of insurance upon the house situated on the land. That was received upon a private contract made by the defendant, to which the plaintiff was not a party.

No offer was made to show that she was a party to the contract of insurance, or that it was effected for her benefit, or that she paid any part of the premium. The defendant as owner of one moiety, had an insurable interest in the property, and having caused it to be insured for himself, and in no sense as agent for the plaintiff, she could have no rights under the contract. The evidence was properly rejected. *Garrell vs. Hanna,* 5 *H. & J.,* 412.

*Third Exception:* The defendant offered to prove an expenditure made by him in 1860, for a permanent improvement on the land, which the plaintiff insisted ought not to be allowed, unless there was first deducted therefrom the rents and profits which had accrued, and which she was excluded from recovering by the plea of limitations, she offering to prove such rents and profits. The Court ruled this point in favor of the defendant. This point arose in *Mitchell vs. Mitchell,* 10 *Md.,* 234, but was not expressly decided, having been disposed of upon a defect in the form of the prayer. We think, however, there is a strong intimation in the Court's opinion in favor of the view taken by the present appellant. The rule is well settled that a defendant in an action of this kind, "if he has, in good faith, made lasting improvements on the land, may be allowed the value of them against the rents and profits claimed by the plaintiff." 2 *Greenleaf on Ev.,* 337. But in a case where the plea of the Statute is interposed, which prevents the recovery by the plaintiff of rents and profits beyond the time of limitation, we think it is reasonable and just that the defendant should

be compelled to apply in reduction of his claim for improvements, any profits which the plaintiff may prove to have been received by him at any time during his occupation. This rule has been sanctioned by the case of *Hylton vs. Brown,* 2 *Wash. C. C. Rep.,* 165 ; *Ewall vs. Gray,* 6 *Watts,* 427, and by this Court in *Ridgely vs. Bond and wife,* 18 *Md.,* 435. We therefore reverse upon the third exception.

*Fourth Exception :* The evidence offered by the defendant and set out in this bill of exceptions was inadmissible for the purpose for which it was offered. It is settled by the cases of *Green vs. Stone,* 1 *H. & J.,* 405, and *West vs. Hughes,* 1 *H. & J.,* 574, that the measure of damages in this action is fixed, and that the only thing which this plaintiff can be entitled to recover, is one moiety of the value of rents and profits received by the defendant. And it appearing besides, from the bill of exceptions, that this plaintiff does not claim exemplary damages ; the evidence offered was not pertinent to the issue, and inadmissible for the purpose of mitigating the damages. Its admission, therefore, was erroneous. The only purpose for which such evidence could be admitted, would be to show that the defendant entered *bonâ fide* as purchaser for value, as a ground upon which he would be entitled to be allowed for costs of improvements, if such allowance should be objected to by the plaintiff. See *Strike's Case,* 1 *Bland,* 77.

*Fifth Exception :* Evidence was offered by the plaintiff, tending to prove the recovery by her in ejectment of one moiety of the land. Whereupon the defendant prayed an instruction to the jury to the effect, that upon all the evidence the plaintiff and defendant were tenants in common of the land, and if the jury so believed, the plaintiff could not recover in this action. This instruction the Court gave. In our judgment, this was manifest error. Since the decision in *Goodtitle vs. Tombs,* 3 *Wils.,* 118, the law

has been well settled that a tenant in common, after recovery in ejectment, may maintain an action of trespass for *mesne* profits against his co-tenant.

We refer also to *Hare vs. Furey*, 3 *Yeates*, 13 ; *Bennett vs. Bullock*, 35 *Penn.*, 364 ; *Critchfield vs. Humbert*, 39 *Penn.*, 427. Many other cases might be cited to the same effect. But we regard the law as too well settled to be questioned.

It has been contended on the part of the appellee, that notwithstanding there may be error in the rulings of the Court upon the exceptions, the judgment ought not to be reversed, because it appears from the record that the verdict of the jury was in favor of the defendant on the seventh plea, which alleged that the plaintiff had not recovered in ejectment, without which she cannot maintain the action. There is no doubt of the rule, that when it is manifest the appellant has not been injured by the ruling of the inferior Court, the judgment will not be reversed, although there may have been errors committed.

But that rule is not applicable to the present case. It appears that when the plaintiff had offered some evidence to prove the recovery in ejectment, by the production of the docket entries, verdict and judgment in ejectment, the defendant interposed with a prayer which assumed the identity of the land mentioned in the proof, with that described in the declaration, and assuming that the tenancy in common had been proved, asked the instruction which denied the right to recover, because the parties were tenants in common. The granting of this instruction was fatal to the plaintiff's case, and being, in our judgment, erroneous, the plaintiff is entitled to have the cause tried again.

We affirm on the first and second exceptions, and reverse on the third, fourth and fifth exceptions.

*Judgment reversed, and*
*procedendo ordered.*

(Decided 2d July, 1869.)