## McLeod v. Griffis.

1. ADMINISTRATION: *Jurisdiction of equity; Surcharging accounts.*
   On a bill to surcharge and falsify an administrator's accounts, he will not be charged with the value of notes and lumber belonging to the estate, alleged to have been unaccounted for, when it is not shown that the notes were collected, or that the lumber was sold and the money appropriated by the administrator to his own use, and where, so far as the proof shows, such notes and lumber still belong to the estate.

2. SAME: *Same.*
   In a proceeding to falsify and surcharge the settlement accounts of an administrator, the chancellor referred the case to a special master to state an account. The defendant excepted to the master's report and his exceptions were sustained to all the paragraphs of the report except the fourth and fifth. A decree based on those paragraphs was reversed, on the de-

fendant's appeal, and the case was referred to a special master appointed by the supreme court. As there was no appeal by the plaintiff, the inquiries of the master were confined, by the order of this court, to the statement contained in the fourth and fifth paragraphs of the report made by the master in the court below. The master appointed here allowed credits amounting to a large sum, which the administrator had neglected to take in his probate settlements, and charged him with a smaller sum, with which his answer admits he was erroneously credited in such settlements. *Held:* That although the item thus charged is not contained in the statement submitted to the master, yet, as the credits he allows the administrator can only stand upon the principle that whoever demands equity must do equity, their allowance should, by the same rule, be upon terms of charging him with the item which he admits to be due from him to the estate.

APPEAL from *Lee* Circuit Court in Chancery.

*Tappan* and *Horner*, for appellant.

*Stephenson* and *Trieber*, for appellee.

SUPPLEMENTAL OPINION ON MASTER'S REPORT.

CLARK, Sp. J.

We have had under consideration the exceptions to Master Campbell's report in this case. In submitting the case to him for an account, we especially confined him, as to the charges against the administrator, to the statement contained in the fourth and fifth paragraphs of Master Quarles' report in the court below, because the decree in that court overruling exceptions to this statement and giving judgment thereupon, was alone appealed from. The exceptions of the defendant to all other matters of account in the report were sustained and the plaintiff failed to appeal. Appellees' exceptions to Master Campbell's report, therefore, complaining that the master has failed to charge the administrator with sums not contained in the statement submitted, cannot be entertained, as they are not before us.

As to the other branch of his exceptions, in which he 1. ADMINISTRATION:

McLeod v. Griffis.

Jurisdiction of equity; Surcharging accounts. complains that the master has stricken out of the statement items of debit with which he was justly chargeable, the master reports that he finds no evidence to sustain such charges on the ground of fraud, accident or mistake, and we have held that such must appear in order to surcharge the administrator. On comparing the settlement accounts of the administrator, it does not fully appear, at least as to some of the items, that he is not already charged with them in such settlements, nor is it clear that the sums so disallowed involve a waste of the assets, or that the estate has suffered the loss of these sums. As to the two largest items, that of $1,555.06 and $4,795.38, the former being for notes and the latter for lumber· charged to be unaccounted for, the master says, "there is nothing to show that they were not embraced in the settlement accounts confirmed by the probate court, nor to show that the notes had been collected or were collectable, nor if omitted from the probate settlements, that it was through fraud, accident or mistake of the administrator." We think this appears true upon the face of the charges. Doubtless it was the duty of the administrator to include these assets in his accounts, and it was an error which might have been corrected upon appeal, but it is not charged, or at least not proved, that the notes were collected, or that the lumber was sold and the money appropriated to his own use by the administrator. So far, therefore, as charged or proved, these notes and this lumber remained the property of the estate. We do not think this is sufficient to charge the administrator in this collateral proceeding. Without referring more particularly to the grounds of the appellees' exceptions, we have looked into them and are of the opinion they should be overruled, and they are overruled accordingly.

2. Same.    But the master has charged the administrator with one

item, $1,069.17, voucher No. 61, of his probate settlements. This item is not contained in the statement submitted to the master, and the question is, can it be allowed? On looking into Master Quarles' report, it does not appear as any part of the accounts to which exceptions were sustained. But the plaintiff's bill charges, and the defendant in his answer and cross-bill admits, that he was erroneously and by mistake credited with this sum in his probate settlements, and that he ought to be charged with it in this proceeding. We think, however, it can and should be allowed to stand upon another familiar principle of equity.

The master has allowed the administrator some large items of credit, the whole amounting to more than $1,800. On what principle in equity are credits allowed the administrator in cases of this kind? Of course, fraud, or waste of assets, can have no application to credits, nor are they allowed upon any original or independent equitable right. As intimated in our former opinion in this case, we are not prepared to hold that an administrator can, after his accounts have been finally settled in the probate court and the assets distributed, come into a court of chancery, either upon a cross-bill, as in this case, or by original bill, and have his accounts opened and restated on the ground that by his own errors or mistakes he has over-charged himself, or failed to take credits to which he was entitled. But if such jurisdiction were unquestionable, the court would grant no relief where such errors and mistakes were the result of his own negligence. See Pomeroy Equity, secs. 828, 839, 854, and cases cited.

No one can look into these probate settlements and not see that the confused, inartificial and negligent manner of accounting has been the cause of the whole mischief. Granting, therefore, such original equity in his behalf, the court

McLeod v. Griffis.

could grant him no relief for the reason that such relief would be founded upon his own negligence. Whatever credits are to be allowed him are, in a manner, *ex gratia* on the part of of the court, *i. e.*, upon the principle that whoever demands equity through the court, and especially in cases of mutual and stated accounts, must do equity. See Pomeroy Equity, secs. 385, 386. But in accounts involving debits and credits, where relief may be afforded either party, the rule, we think, applies as well to one party as to the other. See *Tongue v. Nutwell*, 31 Md., 302.

Coming within this well-recognized principle of equity, we think that in allowing the administrator the benefit of these credits, it should be upon terms of charging him with the item of $1,069.17, which he admits is just and due from him to the estate.

As to the other grounds of exception on the part of the appellant, we think they are not well taken, and they are overruled accordingly. We are satisfied that the master's report, as it stands, comes as near doing justice to both parties as it is possible to arrive at in this complicated and greatly troublesome proceeding, and the report is accordingly confirmed.

The case will be remanded to the circuit court with directions to enter a decree in behalf of the plaintiffs for the sum of eight hundred and ten and 76-100 dollars ($810.76), the balance found due by the master against the defendant, McLeod, and the sureties on his administration bond, to which the court will add interest at 6 per cent. per annum from the administrator's last settlement in the probate court to date of the decree, and the decree to draw legal interest from its date until paid.

And the court will make such further orders or decree as it shall deem necessary, awarding process and for the distribu-

tion of the money to the proper parties; and the court will charge the costs of the appeals to the supreme court and proceedings therein to the plaintiffs in the court below, and all other costs in the case to the defendants.

SMITH, J., did not sit in this case.