## GENERAL COURT, MAY TERM, 1805.

### West vs. Hughes.

In action of trespass to recover *mesne profits*, the defendant is not estopped by the judgment in the ejectment, from proving that the plaintiff was in possession of the land between the demise laid in the declaration & the judgment

The judgment is conclusive as to the defendant's possession and the plaintiff's title, from the date of the demise to that of the judgment, and the defendant cannot shew, that in point of fact other persons had such possession, in order to free himself from an action for the *mesne profits* during that time, except he can shew that the possession was in the plaintiff The judgment does not conclude him from proving that fact.

To recover *mesne profits* for any time anterior to the date of the demise, the plaintiff must prove both his title then and the defendant's possession The judgment in in ejectment is proof of neither.

In the action for *mesne profit*, the plaintiff can only prove by one of two ways the a mount he is entitled to recov. r— 1st by shewing what profits have been in fact actually receiv ed; or 2d The probable value of the land. I he chooses the first, he can only recover what he can shew to have been the actual receipts. If nothing was received, he can recover nothing

The plaintiff can recover nothing, if he has himself had the possession.

Trespass, to recover the *mesne profits* of a tract of land called *Jarrett's Disappointment,* which is not included in a tract of land called *Contestable Manor No. 2,* recovered in an ejectment in this court, brought by the lessee of the present plaintiff, against the present defendant, on the 25th of January 1798. The demise laid in the declaration of ejectment was on the 1st of July 1797, to hold from the 30th of June then last passed, for the term of ten years, and the entry and expulsion was stated to be on the 1st of July 1797. At May term 1800, the lessee of the present plaintiff recovered his term of and in all that part of the said tract of land called *Jarrett's Disappointment,* for which the ejectment was brought, which was not included within the lines of the tract of land called *Contestable Manor No. 2,* &c. The defendant appealed to the court of appeals; and at November term 1802, the judgment was affirmed, *(ante page 6)* A writ of *habere facias possessionem* issued on the 8th of March 1803, and possession was delivered on the 4th of April 1803. The writ in this cause issued on the 19th of July 1802, and the declaration stated, that the defendant entered into the said tract of land called *Jarrett's Disappointment,* on the 1st of July 1795, and expelled and removed the plaintiff from the possession and occupation thereof, and kept him out from the said 1st of July 1795, until the 1st of July 1802, and for all that time took and received to his own use all the is-

MAY 1805.

West
vs.
Hughes

sues and profits of the said land, of the yearly value of £100, &c. There were three separate actions against separate persons for the *mesne profits* arising from the same tract of land, all brought at the same time, and standing for trial at the present term. The general issue was pleaded.

1. The defendant's attorney, during the trial of the present action, asked one of the witnesses, whether the plaintiff had not, during the pendency of the action of ejectment, been in possession of part of the land for which the ejectment was brought?

*Buchanan,* for the Plaintiff, objected to the question. He stated that the defendant had, in the action of ejectment, taken defence for the whole tract of land for which the action was brought, and the jury found a verdict in favour of the plaintiff for the whole tract, except a few acres included in *Contestable Manor No. 2.* That it was not competent for the defendant to say the plaintiff was in possession contrary to his own defence, and the verdict of the jury and judgment of the court.

*Johnson,* for the Defendant. The demise in the declaration of ejectment was laid in 1797, and this action is to recover *mesne profits* from 1795. Surely the question can be asked the witness, whether or not the plaintiff had not the possession between 1795 and 1797? The question may also be asked as to the possession since 1797; and the defendant is not estopped from proving the plaintiff was in possession of part of the land since that time. If the plaintiff has received any part of the profits, or cultivated any part of the land himself, he surely ought not to recover in this action. It is repugnant to common sense and common reason.

*Buchanan,* in reply. The patent to the plaintiff was granted in 1795. The demise in the declaration in ejectment was stated to be in 1797, to which the defendant appeared, and took defence for the whole of *Jarrett's Disappointment.* He did not distinguish the part he held from the part held by any other person.

At the trial he confessed lease, entry and ouster, and a verdict was given against him for the whole of *Jarrett's Disappointment*, except a few acres in *Contestable Manor No.* 2. Shall he now be permitted to say, in the face of the record, that he was not in possession of the part for which he took defence, and which the plaintiff recovered? From the day of the demise in the declaration in ejectment he is estopped from saying he was not in possession. From the day the patent was granted, (1795,) until the demise in the ejectment, (1797,) the record of the recovery in ejectment is no evidence of the possession of the defendant. But since 1797, it is conclusive evidence, and binding on the defendant. The plaintiff may claim *mesne profits* anterior to the demise in the *declaration* of ejectment. He may go as far back as his patent—but he must prove title, and also that the defendant was in possession. The record in the former recovery is not evidence so far as relates to the title and possession anterior to the time of laying the demise.

CHASE, Ch. J. (a). This is an action to recover *mesne profits,* and the plaintiff must shew, the best way he can, what those profits are. There are two modes of doing so—one of which he may resort to—either prove the profits received from the land, or the probable value of the land. The plaintiff here has resorted to the former mode. Although the recovery in the action of ejectment was for the whole land, the plaintiff must prove possession anterior to the demise in the ejectment, and that the defendant received the profits.

The defendant may shew that the plaintiff was in possession of part of the land, and received the profits of the part of which he was possessed.

Suppose a man had been in possession of land of which he had derived no benefit, he could not be compelled to pay more than the profits derived from it, if the plaintiff resorts to that mode of *proving* the profits. It is not like an action of trespass for damages. It is for the use and occupation of land which was recovered in an action of ejectment.

(a) *Done* and *Sprigg,* J. concurred.

It would be an extraordinary thing if the plaintiff could recover profits for lands he himself was in the possession of at the time, and received the profits.

It appears that there are several tenants on the land. The plaintiff can only recover the profits according to the possession of each tenant, in an action brought against them.

2. The defendant's attorney stated, that there were three separate actions now depending in this court for trial against separate persons for *mesne profits* arising from the same land. He prayed the court to direct the jury, that the defendant in this action is only answerable for profits by him made during the time he was in possession.

*Hollingsworth, Shaaff, Buchanan* and *Montgomery,* for the plaintiff. The defendant cannot set up the possession of any other person to defeat the recovery by the plaintiff. He is estopped from denying the title of the plaintiff in this action from the time of the demise in the declaration of ejectment. They cited *Run. Eject.* 156, 157.

In 2 *Burr.* 668, the law upon this subject is fully laid down. Where it is said the title of the plaintiff is admitted from the time of the demise in ejectment, and that the defendant is concluded by the former recovery from saying he was not in possession from the time he appeared to the action of ejectment. By our practice in ejectments, the moment the defendant appears he admits himself to be in possession. But the practice in England is different; for there the plaintiff is bound to prove the possession. The defence of the defendant, and the verdict of the jury, show the defendant to be in possession, and the plaintiff can recover profits from the time of the ouster in the ejectment, until the defendant was turned out under the writ of possession. The defendant having appeared to the action of ejectment, it was his business to prevent any person, even the plaintiff, from entering pending the ejectment, and if any person did enter, he could by application to this court obtain the

If the plaintiff in an action of trespass for *mesne profits* can prove his title accrued before the time of the demise in the action of ejectment, and that the defendant had been longer in possession, he may recover antecedent profits—But in such case the defendant is at liberty to controvert the plaintiff's title.

From the time of the demise in ejectment, until the plaintiff was put into possession under a writ of *habere facias possessionem*, the defendant is liable for *mesne profits.* If a third person enters into possession of the premises during the pendency of the ejectment, the defendant is answerable for *mesne profits.* But if the defendant can prove that the plaintiff received the profits, he is then not answerable for the profits so received.

possession again. If he suffered any person to enter, or if he abandoned the land, the permissive occupation, or his abandonment of the land, will not discharge him from accounting for the profits. It is not contended on the part of the plaintiff, that he can support the other actions which have been spoken of—they were brought by a gentleman who had supposed those defendants had been defendants in the action of ejectment.

*Johnson*, contra. When there is a recovery in an action of ejectment, there are different modes for recovering damages for the detention of the land. If an action for mesne profits is brought, no more than the profits received can be recovered. But if an action of trespass for damages is brought, damages are recovered for the injury sustained by the detention of the land. The judgment in ejectment does not prove the possession to the time of the judgment. It only proves the right to that possession. It is not only necessary in an action for mesne profits that there has been a recovery in ejectment, but it is also necessary to show there has been a possession by the defendant. The case in *Runnington* is not applicable to the present question. It appears in this case, that the present defendant abandoned the possession, and that another person, against whom there is also an action depending, entered. The plaintiff has resorted to the mode of proving the profits made. He cannot therefore recover against the defendant for the profits which accrued during the time another person was in possession and made profits. In *Run. Eject.* 157, "his possession" refers to the possession of the plaintiff, and does not go to shew the defendant is concluded from proving that he, the defendant, was not in possession during the pendancy of the action of ejectment. "His possession is part of his title," means the plaintiff's title.

CHASE, Ch. J. It appears to the court that an action of ejectment was brought by the lessee of the

present plaintiff against the present defendant, to which he appeared and made defence. There has been a recovery against him, and a writ of possession executed to restore the possession to the plaintiff. This action is brought to recover the mesne profits during the time the defendant remained in possession.

MAY 1805

West
vs
Hughes

If the plaintiff can prove his title accrued before the time of the demise in the action of ejectment, and that the defendant has been longer in possession, he may recover antecedent profits. But in such case the defendant is at liberty to controvert his title

But from the time of the demise, until the plaintiff was put into possession under the *habere facias possessionem*, the defendant is accountable for the profits.

If another person enters into possession during the time the ejectment is depending, the defendant is still answerable, for it is to be supposed the entry is with the consent of the defendant. But if the defendant can prove the plaintiff himself received the profits, he is then not answerable for the profits so received by the plaintiff.

*Verdict* for the plaintiff, and damages assessed to $300. Judgment on the verdict for the plaintiff.