Wallis *vs.* Wilkinson.

WILLIAM T. WALLIS, and SUSAN B. WALLIS *vs.* GUILFORD D. WILKINSON, and BETTIE W. WILKINSON.

*Appeal—Reversal—Pleading—Ejectment— Instruction—Sec. 69 of Art. 75 of the Code.*

To justify a reversal on appeal, there should be a concurrence of error on the part of the Court, and of injury thereby resulting to the appellant.

Where certain pleas in ejectment are demurred to, and the demurrer is sustained, and the defendants, without objection or exception to this ruling, ask leave to file a special plea, to the same effect as the previous pleas, and this leave is refused, no appeal will lie from such refusal, it being discretionary with the Court to allow defendants to file special pleas.

Wallis *vs.* Wilkinson.

An instruction to the jury, in an action of ejectment, that "under the pleadings in this case, the plea of not guilty admits the possession of the plaintiffs of the land in issue, and their ejectment by the defendants, and puts in issue the title and right of possession to the premises, and the damages sustained by the plaintiffs," only informs the jury as to the legal effect of the plea of not guilty in such action, and is unobjectionable.

APPEAL from the Circuit Court for Prince George's County.

The case is stated in the opinion of the Court.

The cause was submitted to ALVEY, C. J., MILLER, IRVING, BRYAN, FOWLER, and McSHERRY, J.

*George C. Merrick,* for the appellants.

*Joseph S. Wilson,* and *C. C. Magruder,* for the appellees.

FOWLER, J., delivered the opinion of the Court.

It is difficult to ascertain from an examination of this record any sufficient reason why this appeal was taken, for it is apparent that no injury has been done to the appellants, whether the rulings of the Court below are correct or erroneous. And it is settled by numerous decisions of this Court that to justify a reversal there should be a concurrence of error on the part of the Court, and injury thereby resulting to the appellant.

No such injury can be ascertained by an examination of this record.

This is an action of ejectment, and appears to have been brought to recover a tract of land which the plaintiffs, in the first count of their *narr.* allege they were in possession of, and which was devised to the plaintiff, Bettie W. Wilkinson, for life, and at her death, to her son Albert L. Wilkinson, by the last will of Amelia B.

Holliday. In the second count, they seek to recover their undivided half interest in a certain lot of land known as the woodland, which was devised by said testatrix to the said plaintiff and the defendant, Susan B. Wallis, to be equally divided between them. To this declaration the defendants pleaded three pleas—the first of which was treated by the Court, as well as by counsel on both sides, as a disclaimer of all title to the triangular piece of land mentioned therein, and judgment therefor was entered in favor of the plaintiffs.

The second plea denies that the defendants ejected plaintiffs from their joint possession of said woodland, and avers that proceedings are pending in the Circuit Court for Prince George's County to divide the same among those entitled, and that a bill for this purpose had been filed by the defendant, Susan B. Wallis.

The third plea admits the possession, and also denies that defendants have ejected plaintiffs from said woodland.

These pleas were demurred to by the plaintiffs, and the demurrer was sustained, whereupon the defendants, without objection or exception to this ruling of the Court, asked leave to file a special plea to the same effect as the pleas above mentioned. This the Court very properly refused to allow, and this refusal forms the subject of the first bill of exceptions. The defendants then pleaded the general issue of not guilty, and went to trial.

The will referred to was read to the jury without objection, and the plaintiffs offered testimony tending to prove that the land mentioned in the first count of the amended *narr.* was embraced within the lines of the land devised by said will to said plaintiffs, and also that they were entitled to an undivided half of the land mentioned in the second count.

The defendants offered testimony tending to show that the said land "as set out in the first count was not the land intended to be embraced within the lines of the devise

to the plaintiff, Bettie W. Wilkinson, but was embraced within the lines of the devise to the defendant, Susan B. Wallis,'' and further that ''there had been no ouster by the defendants of the plaintiffs of their undivided interest in the lands mentioned in the second count.''

The defendants also introduced in evidence the fact that since the institution of this suit a proceeding had been instituted by them on the equity side of said Court to divide the said land mentioned in said second count, between the plaintiff, Bettie W. Wilkinson, and the defendant, Susan B. Wallis.

At the conclusion of the evidence, the Court instructed the jury that ''under the pleadings in this case, the plea of not guilty admits the possession of the plaintiffs of the land in issue, and their ejectment by the defendants, and puts in issue the title and right of possession to the premises, and the damages sustained by the plaintiffs.''

This instruction forms the ground of the only remaining bill of exception.

It is apparent that the appellants, under their plea of not guilty, and the instruction of the Court, had a full opportunity to defend their claim to the land in the first count. Their second plea, which the Court refused to allow to be filed, relates altogether to the land in the second count.

The appellants having admitted by their testimony that the appellees are entitled to an undivided interest in the land last mentioned, and having also proved that they had, before the bringing of the suit, filed a bill to divide the same between themselves and the appellees; it does not appear how the appellants are injured by the rulings of the Court, as regards the land in the second count, for the verdict of the jury only found that to be true which the appellants themselves had solemnly alleged in their proceedings on the equity side of the Court, namely, that the appellee, Bettie W. Wilkinson,

and the appellant, Susan B. Wallis, are tenants in common of said land mentioned in the second count.

It was entirely in the discretion of the Court as to whether the defendant should be allowed to file their special plea, and its refusal so to do, therefore, is not the subject of appeal. The instruction of the Court to the jury only informed them as to the legal effect of the plea of not guilty in an action of ejectment. Code, Art. 75, sec. 69.

*Judgment affirmed.*

(Decided 13th November, 1890.)