## JOHN T. AMOS et al.

*vs.*

## JOSEPH ABROMAITIS.

*Tax sales*: *burden of proof; notice; statutes to be observed strictly.*

Where a statute requires that a tax sale should be reported to, and ratified by the Court, the order of confirmation operates only to relieve the purchasers of the onus of proof, and to cast the onus of showing the illegality of the proceedings upon the party resisting the sale.    p. 258

Where the sale has been ratified it is to be presumed that the collector discharged his duty, and no presumption will be invoked against the validity of the proceedings. But where it appears by the record or by proof, that material and substantial provisions of the law have not been observed, the sale will be treated as utterly null and void.    p. 258

The object of statutory provisions requiring notice, etc., of tax sales, is to give the owner of the property either actual or constructive notice of the taxes due, and that his property will be sold unless the amount thereof is paid. Constructive notice in such a case, is the notice provided by law in lieu of actual notice, and no notice short of a substantial compliance with the requirements of law can amount to constructive notice, or render effective and valid the proceedings based upon it.    p. 262

An officer making a tax sale is not authorized to adopt a form of notice other than those required by law, and a substantial compliance with the provisions of the statute is essential to the transfer of the title to the purchaser.                    p. 261

A case may be withdrawn from the jury only in cases where the evidence is not legally sufficient to justify a verdict for the plaintiff, and does not warrant the trial Court in passing upon the defendant's evidence.                    p. 262

*Decided January 14th, 1914.*

Appeal from the Circuit Court for Anne Arundel County. (BRASHEARS, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*John S. Young* and *Eldridge Howard Young* (with whom was *James M. Munroe,* on the brief), for the appellant.

*Ridgely P. Melvin,* for the appellee.

THOMAS, J., delivered the opinion of the Court.

This appeal is from a judgment of the Circuit Court for Anne Arundel County, in an action in ejectment brought by the heirs at law of Isaac Amos of William, deceased, against the appellee to recover possession of a farm in that county.

The defendant filed a plea of not guilty, and the trial of the case in the Court below resulted in a verdict and judgment in favor of the defendant, from which the plaintiffs appealed.

The plaintiffs offered in evidence several deeds for the property mentioned in the declaration, including the deeds to Isaac Amos of William, and then produced evidence tending to show that he died, intestate, in Harford County, Mary-

land, on January 6th, 1877, seized and possessed of the property, and that the plaintiffs were his only heirs at law.

The defendant then offered in evidence the record of proceedings in a tax sale of the property, made in 1892 for the purpose of collecting taxes levied in 1890, on property assessed to Isaac Amos; the deed from the treasurer and collector of taxes to the purchaser at the tax sale, and the several successive deeds under which the defendant claimed.

All of this evidence was objected to by the plaintiffs, and was admitted by the Court subject to exception. At the conclusion of the defendant's testimony, the plaintiffs filed a motion to strike out the evidence of the defendant referred to, but the Court below overruled the motion, and at the instance of the defendant granted a prayer directing a verdict for the defendant, to which rulings of the Court the plaintiffs excepted.

The defense rests entirely upon the tax sale proceedings, and the question of their validity is the only important one in the case.

We have said in the recent case of *McMahon* v. *Crean*, 109 Md. 652, that a statute which requires a tax sale to be reported to and ratified by the Court, confers upon the Courts a special and limited jurisdiction, and that the order of confirmation "operates only to relieve the purchaser of the *onus* of proof, and to cast the *onus* of showing the illegality of the proceedings upon the party resisting the sale." When the sale has been ratified this "Court will presume that the collector has discharged his duty, and no presumption will be invoked against the validity of the proceedings. But where it appears, by the record, or by proof, that material and substantial provisions of the law have not been observed in making the sale, it will be treated as utterly null and void."

The provisions of the local law of Anne Arundel County, under which the sale in question was made, are found in the Code of Public Local Laws, 1888, Article 2. Section 229 provides that "It shall be the duty of the treasurer, during the month of March succeeding each levy, to make out all tax

bills which have not been paid, in duplicate form, and to place the same in the hands of the several constables of the districts wherein the property assessed is located or the owners reside, to be delivered to the parties owning the same; and that each bill so made out shall contain a notice that if the same be not paid on or before the first day of June next after the date of said bill, the property upon which the taxes may be owing will be levied upon and sold to enforce payment thereof; * * * the bills so made out shall be placed in the hands of the said constables on or before the first Monday of April after the date thereof, and one copy of such bill shall be delivered to the person or corporate institution against whom it is made out; or in the event of failure to find such person or taxpayer in the district, such tax bill shall be left with the agent of such person or institution, or conspicuously posted on the property assessed, within thirty days after the receipt of the same; and the constable receiving such tax bills shall endorse upon one copy thereof the time and manner of service made, and shall return the same to the treasurer within twenty days after making such service." Section 230 provides that "It shall be the duty of the treasurer to enforce the payment of all taxes remaining unpaid on the first day of June in the year succeeding that in which the same shall have been levied, by a levy upon the real or personal property of the person or corporate institution so neglecting to pay; provided, the last notice required in the preceding section shall have been given; * * * Whenever any levy is made, notice thereof, together with a copy of the bill of taxes due, interest and costs, including that of the levy, shall be delivered to the owner, if he be in possession of the property, or at his residence, if it be within the same district, or mailed to him, if his post-office address be known, and if not, then to be conspicuously posted on the premises, together with a notice that if the said bill for taxes, interest and costs be not paid within thirty days, the property levied upon will be sold at public sale." Section 231 provides that a sale made by the treasurer shall be reported

to the Circuit Court for said county; that the same shall be ratified by the Court if the proceedings are regular, and that such sale shall not be set aside if the provisions of the law shall appear to have been substantially complied with, &c.

It appears from the report of sale made by the treasurer, being a part of the record of said proceedings offered in evidence, that he made out the tax bills against Isaac Amos for the year 1890, and placed the same in the hands of one of the constables for the district in which the farm in question was situated, and that one of said tax bills was delivered to the *tenant,* Frank Fisher; that said taxes being unpaid, a levy was made "on said lot of ground," and that "notice thereof, together with a copy of the bill for taxes due, interest and costs, including that of the levy, was delivered to the said Frank Fisher, together with a notice that if the said bill for taxes," etc., was not paid within thirty days the property would be sold at public sale, and that after the expiration of said notice, and after giving notice of the sale as required by the provisions of said Article of the Code, he sold the entire farm, on the 24th day of May, 1892, to the highest bidder, for seventy-five dollars.

One of the tax bills sent to the constable in accordance with section 229, was returned. endorsed as follows: "Failed to find Isaac Amos in the 4th Dist. Sent copy to Black Hall, Harford Co., Md., April 29, 1891. F. M. Osborne, Constable of the 4th District of Anne Arundel County."

The record therefore shows that one of the tax bills sent to the constable was, according to the report of sale, "delivered to the tenant, Frank Fisher," and. according to the return of the constable, a copy was sent "to Black Hall, Harford Co., Md.," instead of being left with the agent of Isaac Amos, or conspicuously posted on the property assessed, as the law required, and that the notice of the levy, copy of tax bill, and notice that if the bill was not paid within thirty days the property would be sold at public sale, referred to in section 230, were, according to the report of sale, delivered to Frank Fisher, instead of being delivered to the owner, or

at his residence, or mailed to him, or conspicuously posted
on the premises, as required by said section.

We think that the record shows that there was not a sub-
stantial compliance with the provisions of the statute. The
effect of such proceedings is to take a man's property against
his will, and, it may be, without his knowledge. The officer
making the sale is not authorized to adopt forms of notice
other than. those required by law, and a substantial compli-
ance with the provisions of the statute is essential to the
transfer of title to the purchaser. *Baumgardner* v. *Fowler,*
82 Md. 640; *Texler* v. *Shipley,* 86 Md. 424; *Richardson* v.
*Simpson,* 82 Md. 155; *Taylor* v. *Forrest,* 96 Md. 529; *Mc-
Mahon* v. *Crean, supra.*

In the last mentioned case the Public Local Law of Balti-
more City provided that no sale could be made by the col-
lector until he has "first given to the person or persons so in
arrears, or has left at his, her or their residence, or last known
residence, or, if neither can be found, on the premises, a
statement of his, her or their indebtedness, and no less than
thirty days' notice of his intention, if the bill is not paid
within the time named, to enforce payment thereof." The
bills for the amount of taxes due were delivered to one of
the life tenants to whom the property was assessed, and the
report of the collector stated that on the bills delivered to
her there was "a printed notice stating that if the bills were
not paid within thirty days from. delivery it will be subject
to distraint or execution." This Court held that such a
notice was "insufficient, because it is not such as the law
requires."

In the case at bar, the first notice, according to the report
of sale, was, as we have said, delivered to the tenant, and
according to the return of the constable, was mailed to Black
Hall, Harford Co., Md. The second notice was delivered to
Frank Fisher. The evidence shows that at the time these
notices were given, Isaac Amos, against whom the bills were
"made out," was dead, and under section 229 the first notice
should have been posted on the property assessed. Section

230 does not authorize the delivery of the notice therein referred to to any one except the owner of the property. In neither instance, then, was there a substantial compliance with the statute.

The object of such statutory provisions is to give the owner of the property either actual or constructive notice of the taxes due, and that his property will be sold unless the amount thereof is paid. Constructive notice in such cases is the notice provided by law in lieu of actual notice, and no notice short of a substantial compliance with the requirements of the law can amount to constructive notice, or render effective and valid, proceedings based upon it.

The learned Court below was, therefore, in error in overruling the plaintiffs' motion to strike out the evidence of the tax sale proceedings and the deeds based upon them. In this view of the case, and as the defense rested entirely upon the tax sale, it is not necessary to consider the other objections urged against those proceedings, or the other exceptions in the case, further than to say that the established practice in this State sanctions the withdrawal of a case from the jury only in cases where the evidence is not legally sufficient to justify a verdict for the plaintiff, and does not warrant the trial Court in passing upon the weight of the defendant's evidence. *Lemp Brewing Co.* v. *Mantz,* 120 Md. 176.

> *Judgment reversed, with costs to the appellants, and new trial awarded.*