# JOSEPH ABROMATIS

*vs.*

## JOHN T. AMOS, ET AL.

*Ejectment*: *"not guilty"; effect of plea. Damages: Code, Art.*
*75, section 71; evidence; mesne profits. Rental value:*
*improvements. Appeals: immaterial errors. Practice:*
*voluntary appearance: effect of—. Misnomer:*
*correction; discretion of court. Taxes: sale*
*for—; levy: service of—; owner of*
*property.*

In an action of ejectment, a plea of not guilty admits the possession of, and ejectment by, the defendant, and detention of the property by him, and it only puts in issue the title of the premises, the right of possession and the amount of damages to which the plaintiff is entitled.        p. 397

The provisions of section 230 of Article 2 of the Public Local Laws, relating to the levy upon property to be sold for failure to pay taxes, are not complied with by delivery of the notice of the levy upon anyone other than the owner of the property.

pp. 398-399

In an action of ejectment, the *bona fide* occupant of the lands is entitled to recover for improvements made by him thereon— *i. e.,* not the cost to him of the improvements, but the amount by which they enhance its value to the owner.        p. 399

Under section 71 of Article 75 of the Code, the plaintiff in ejectment may recover damages for the ejectment and *mesne* profits down to the time of the termination of the case; and

such *mesne* profits may be shown by proof of the probable rental value of the property. p. 400

Where the defendant has had the use and possession of the property, the plaintiff is entitled to recover substantial damages. p. 402

In an action of ejectment, it was a question as to the admissibility of the testimony of a witness for the plaintiff as to the rental value of the land; his evidence was that the value was $120.00 per annum; the evidence of the defendant's witnesses was that the land was worth about $35 per acre; the jury awarded $28.00; it was: *Held,* that the party excepting not having been injured by the testimony, it could not present a case of reversible error. pp. 400-401

A´ judgment will not be reversed where it appears that the ruling objected to resulted in no injury to the party excepting.
p. 401

In general, a party who has not seen a certain property for 20 years is not competent to certify as to its rental value. p. 401

The voluntary appearance of a party to a suit or proceeding must be considered as a waiver of formal notice. p. 403

Under section 37 of Article 75 of the Code, a court has authority to allow an amendment of a name in a suit when it is satisfied that the party summoned as defendant was, in fact, the party intended to be sued, and its exercise of such authority is not subject to review on appeal. p. 404

*Decided January 12th, 1916.*

Appeal from the Circuit Court for Baltimore County, (McLANE, J.), to which County the case had been removed from Anne Arundel County.

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*George E. Disney* and *Elmer J. Cook* (with whom was *Henry J. Broening,* on the brief), for the appellant.

*T. Scott Offutt* and *Eldridge Hood Young* (with whom were *James M. Munroe* and *John S. Young,* on the brief), for the appellees.

THOMAS, J., delivered the opinion of the Court.

This is the second appeal in this case. It is an action of ejectment brought by the appellees in the Circuit Court for Anne Arundel County on the 21st of March, 1912, to recover a farm or parcel of land in that County and the damages sustained by them. Process was issued for *Peter* Abromatis and was returned by the sheriff, "Served upon Joseph Abromatis, the person in actual possession of the lands described in the declaration, and a copy of the declaration and copy of summons left with him on the 3rd day of April, 1912." On the 18th of December, 1912, leave was granted to the plaintiffs to amend the declaration by changing the name of the defendant, who had "been inadvertently called Peter Abromatis," to Joseph Abromatis, and the amendment was made accordingly. Joseph Abromatis appeared by counsel and the case was tried on the issue joined on the plea of not guilty. The plaintiffs offered in evidence several deeds for the property mentioned in the declaration, including the deeds to Isaac Amos of William, and produced evidence to show that he died intestate in Harford County, Maryland, on January 6th, 1877, seized and possessed of the property, and that the plaintiffs were his only heirs at law. The defendant then offered in evidence the record of proceedings in a tax sale of the property, made in 1892, for the purpose of collecting taxes levied in 1890, and the several deeds under which the defendant claimed from the purchaser at that sale. This evidence was objected to by the plaintiffs and was admitted by the Court subject to exceptions. The

plaintiffs subsequently filed a motion to strike out the evidence, but the Court overruled the motion. The plaintiffs excepted to that ruling, and the judgment being in favor of the defendant they appealed. This Court held in *Amos* v. *Abromatis,* 122 Md. 256, that the tax sale was void, and that the motion to strike out the evidence should have been granted, and the judgment was reversed and case remanded for a new trial.

The case was subsequently removed to Baltimore County for trial, and on the 3rd of February, 1915, the plea of not guilty was withdrawn by leave of the Court, and the defendant filed a motion to strike out the return made by the sheriff of Anne Arundel County of the summons issued for the defendant. This motion having been overruled, the defendant filed a motion to rescind the order of the Circuit Court for Anne Arundel County granting the plaintiffs leave to amend their declaration. The Court sustained a demurrer to this motion, and the defendant then filed a plea of not guilty, and the case went to trial again on the issue joined on that plea. During the trial the defendant reserved nineteen exceptions to the ruling of the Court on the evidence and the prayers, and has brought this appeal from a judgment on the verdict in favor of the plaintiffs for the property described in the declaration and three hundred dollars damages.

The plea of not guilty admitted the possession and ejectment by the defendant, and only put in issue the title to the premises, the right of possession and the amount of damages to which the plaintiffs were entitled. Code, Article 75, section 71; 1 *Poe,* secs. 275 and 630; *Gibbs* v. *Didier,* 125 Md. 486; *Wallis* v. *Wilkinson,* 73 Md. 131; *Brooke* v. *Gregg,* 89 Md. 236.

By agreement of counsel the deeds by which Isaac Amos of William acquired title were omitted from the record, and his title to the property is admitted, and the evidence offered to show that Isaac Amos of William died intestate and that the plaintiffs are his only heirs at law is not contradicted,

so that the exceptions we are to consider are important only
in so far as they relate to the questions of the defendant's
title and the amount of damages recoverable by the plaintiffs.

The second, third, sixth, ninth, tenth, eleventh, fourteenth,
fifteenth and sixteenth exceptions are to the rulings of the
lower Court excluding the record of proceedings in the tax
sale of the property referred to in the first appeal; the deeds
from the purchaser at that sale and the successive owners of
the land claiming through him, and evidence offered for the
purpose of showing that Frank Fisher, to whom the tax bills
and notice referred to in section 229 of Article 2 of the Code
of Public Local Laws of Anne Arundel County was deliv-
ered as *"tenant,"* was in fact the *agent* of the plaintiffs.

As we understand these exceptions and rulings of the
Court, the deed to Peter Abromatis, executed on the 19th
of August, 1904, the date of the alleged ejectment of the
plaintiffs by the defendant, and the deed from his heirs at
law to the defendant were admitted by the Court for the
purpose of showing that the possession of the defendant was
*bona fide,* and that he was therefore entitled to be allowed
for any permanent improvements on the property made in
good faith. *Tongue* v. *Nutwell,* 31 Md. 302. Under the
rulings of this Court on the former appeal the evidence em-
braced in these exceptions was clearly inadmissible for the
purpose of establishing title in the defendant. Assuming,
without deciding, that notwithstanding the previous decision
of this Court and the statement in the report of sale of the
treasurer that the tax bill, &c., referred to in section 229 of
the Code of Local Laws was delivered to Frank Fisher,
*"tenant,"* it was permissible for the defendant to show that
Frank Fisher was in fact the *agent* of the plaintiffs, the fact
of such agency would not cure the defect in those proceed-
ings. As pointed out in the opinion of this Court, section
230 of Article 2 of the Code of Public Local Laws, referred
to provided that notice of the *levy,* &c., should be delivered
to the *owner,* or at his residence, or mailed to him, or con-

spicuously posted on the premises, whereas the report of sale shows that the notice of the levy, &c., was delivered to Frank Fisher, and we said: "Section 230 does not authorize the delivery of the notice therein referred to to any one except the owner of the property," and that there was not a substantial compliance with either section 229 or 230 of the law.

The seventeenth exception is to the action of the Court striking out the testimony of the defendant offered for the purpose of showing that he had made improvements on the land. When asked if he had made any improvements he said he had some bushes and stumps moved in 1912. This evidence was objected to by the plaintiffs and admitted by the Court subject to exception. The defendant was further asked to state what amount he expended for "cleaning up the stumps and removing the bushes," whereupon the plaintiffs objected and the Court ruled that the evidence offered was not sufficient to support a claim for improvements, and granted the motion to strike it out. The *narr.* alleged that the defendant ejected the plaintiffs in August, 1904, and the plaintiffs had offered evidence tending to show that the farm contained from forty to sixty acres of cleared or tillable land, and that the reasonable rental value of the cleared land during the succeeding years was about three dollars per acre a year. The defendant's witnesses had stated that about fifty or sixty acres of the land was cleared and tillable, and that its rental value was from thirty-five to sixty dollars a year. These estimates were based upon the condition of the land as testified to by the witnesses, and none of them had reference to the rental value as enhanced by the improvements testified to by the defendant as having been made by him in 1912. It is stated in 22 *Cyc.* 26: "In the absence of a statute to the contrary, the general rule is that the amount which a *bona fide* occupant of lands is entitled to recover for improvements made thereon is not the cost of the improvements to him, but the amount which they enhance the value of the property to the owner," and this is the rule

recognized in this State. *Jones* v. *Jones,* 4 Gill, 87; *Mc-Laughlin* v. *Barnum,* 31 Md. 425; *Long* v. *Long,* 62 Md. 33. See also 15 *Cyc.* 222. Where however the rental value has reference to the improved value a different rule applies. *Jones* v. *Jones, supra.* Without further evidence of the character and extent of the improvements claimed and the extent to which it enhanced the value of the property, the evidence referred to was properly excluded.

The first, seventh and eighth exceptions are to the admission of evidence offered by the plaintiffs to show the rental value of the property on the ground that the witnesses were not qualified to testify. Under section 71 of Article 75 of the Code, the plaintiff in an action of ejectment may recover damages for the ejectment and *mesne* profits down to the time of the termination of the case, and these *mesne* profits may be shown by proof of the probable rental value of the property. *West* v. *Hughes,* 1 H. & J. 574; *Jones* v. *Jones, supra; Tongue* v. *Nutwell, supra; Tome Institute* v. *Crothers,* 87 Md. 588; *Worthington* v. *Hiss,* 70 Md. 172. The ejectment alleged in the declaration and admitted by the plea was on the 19th of August, 1904, and the trial of the case was not concluded until the 9th of February, 1915. The verdict was for $300.00 damages, so that the jury only allowed the plaintiffs about $28.00 a year for the loss of the use of the property during the years they were deprived of the possession. According to the plaintiffs' witnesses the rental value of the property was from one hundred and twenty to one hundred and eighty dollars a year, while the lowest value given by the defendant's witnesses was thirty-five dollars a year, and the defendant testified that in 1912 he received ninety dollars rent for thirty acres of the land. There is no exception to the testimony of H. E. Haslup, one of the plaintiffs' witnesses, who stated that the rental value of forty acres of the land was three dollars an acre or one hundred and twenty dollars a year. Under this state of the record it would seem reasonably clear that the defendant was not

injured by the evidence objected to, even if we assume that it was not admissible for the reason stated, and it would work a great hardship upon the parties to reverse the judgment for such an error and subject them to the costs and expense of another trial.

There was no error in the exclusion of the evidence referred to in the twelfth and fifteenth exceptions. The witness had not seen the property since 1892, and was not shown to be competent to testify to the rental value of the property during the years from 1904 to the time of the trial.

The fourth, fifth and eighth exceptions were abandoned by the appellant.

The remaining exception is to the granting of the plaintiffs' prayers and the rejection of the defendant's. The objection to the plaintiffs' third prayer is waived by the agreement of counsel, and no objection is urged in this Court to part C of plaintiffs' first prayer or plaintiffs' second prayer, and the latter was approved in *Wallis* v. *Wilkinson, supra.*

Plaintiffs' fourth prayer is as follows: "If the jury find their verdict for the plaintiffs for the land mentioned in the declaration then the plaintiffs are entitled to recover as damages what the jury may find from the evidence was the fair or reasonable rental value of the land for the time the jury may find from the evidence the defendant has been in possession of said land, not going back of the 20th of August, 1904, less such amount as the jury may find from the evidence was expended by the defendant in taxes on said land after he took possession of the same."

The appellant contends that the evidence offered by the defendant shows that he did not take possession of the property until 1911, and the objection urged to this prayer is that it permitted the jury to allow the plaintiffs the rental value of the property from 1904 while limiting the allowance to the defendant for taxes to the amount expended by him after he took possession of the property. This prayer contains practically the same instruction asked for in the defendant's second and fourth prayers, and the latter was rejected

by the Court because it was covered by the plaintiffs' fourth prayer. The plea of not guilty admitted, as we have said, the ejectment of the plaintiffs *by the defendant* as *alleged in the declaration,* and only put in issue the title, right of possession and amount of damages plaintiffs were entitled to recover by reason of such ejectment and "detention" of the property. Under that plea the plaintiffs were entitled to *mesne* profits from the date of the admitted ejectment by the defendant to the determination of the case, there being no evidence to show that the plaintiffs had possession of any part of the property during that interval, and we think the prayer, when construed in the light of the admission of the plea, instructed the jury that they could allow the defendant for taxes paid during that time. But apart from that, there is no evidence in the case to show who paid the taxes on the property from 1904 to the date of the verdict, except the taxes for the years 1911 and 1912, which were paid by the defendant. The defendant could not therefore have been injured by the granting of the plaintiffs' fourth or the rejection of his second and fourth prayers.

The exception to the rejection of the defendant's first prayer, which sought to withdraw the case from the jury, was not pressed in this Court, and the ruling was obviously correct. The defendant's third prayer, by which the defendant asked that the jury be instructed that they could, "in their discretion," allow the plaintiffs only nominal damages, was properly refused. The defendant having had the use and possession of the property the plaintiffs were entitled to recover substantial damages. *B. & O. R. R. Co.* v. *Boyd,* 67 Md. 32.

The appellant insists as a further ground for the reversal of the judgment that the Court below erred in refusing to strike out the return of the Sheriff of Anne Arundel County of the process for the defendant, and in sustaining the demurrer to the defendant's motion to rescind the order of the Circuit Court for Anne Arundel County granting the plain-

tiffs leave to amend the declaration by changing the name of
the defendant from Peter Abromatis to Joseph Abromatis.
Assuming that these rulings of the *Circuit Court for Balti-
more County* are properly presented by the record and that
they are subject to review by this Court, it is apparent that
they afford no ground for the reversal of the judgment in
this case.

The reasons assigned for the first motion are (1) that
Joseph Abromatis was not in actual possession of the land
at the time; (2) that the defendant was a resident of How-
ard County and that the process was served on him at his
home in said county, and (3) that the suit was brought
against Peter Abromatis, and that the Sheriff exceeded his
authority in serving the process on the defendant at his home
in Howard County, who was not in actual possession of the
property.    The obvious answer to these objections is that the
defendant appeared, and without making any objection to the
service of process, filed the plea of not guilty, thereby waiv-
ing all objections to the service of the summons and admit-
ting the ejectment alleged in the declaration.    In *Belt* v.
*Blackburn,* 28 Md. 227, the Court said: "The voluntary ap-
pearance of a party to a suit or proceeding, must be consid-
ered as a waiver of formal notice," and in the case of *Ireton*
v. *Baltimore,* 61 Md. 432, the Court held that after an ap-
pearance it is too late to object to any infirmity in respect
to the service of the writ or summons, except where the ap-
pearance is made for the special purpose of raising the ob-
jection.    The reason for the rule is strikingly applicable to
a case like this where objections to the service of process are
not made until the second trial of the case.

The ground of the second motion is that the amendment
of the declaration made "an entirely new party defendant,"
and the answer to this objection is that no exception was
taken to the action of the Court granting the plaintiffs' leave
to amend the declaration, and that there is no appeal from
such an order where the amendment is authorized by statute.

The motion of the plaintiffs for leave to amend the declaration recited that the defendant had been "inadvertently called *Peter* Abromatis," and section 37, Article 75 of the Code provides that "No writ or action shall abate because of the misnomer of any plaintiff or defendant named therein, but the Court, on suggestion, supported by the affidavit of the plaintiff or defendant or other proof to the satisfaction of the Court that by mistake the plaintiff has sued in a wrong name, or that the party summoned in virtue of said writ or action is, in fact, the party intended to be sued by such writ, or in such action, may at any time before judgment, direct the writ or any of the proceedings to be amended by inserting therein the true name of any plaintiff or defendant, at the discretion of the Court." In the case of *Union Bank* v. *Tillard,* 26 Md. 446, this section was held to apply to a misnomer of an individual defendant, and in *W. Union Tel. Co.* v. *State, etc.,* 82 Md. 306, the amendment was allowed upon the statement of counsel for plaintiffs in open Court. The Circuit Court for Anne Arundel County was authorized to allow the amendment upon being satisfied that the party summoned as defendant was in fact the party intended to be sued, and leave granted in pursuance of that authority is not subject to review by this Court. *Scarlett* v. *Academy of Music,* 43 Md. 203.

Finding no reversible error in the rulings of the Court below the judgment will be affirmed.

*Judgment affirmed, with costs.*